Argued June 23, reversed August 12, 1971

PUCKETT, *Respondent, v.* WAGNER, *Appellant.*

487 P2d 897

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Kenneth D. Renner, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Donald R. Wilson,* Portland, argued the cause for respondent. With him on the brief were Dan O'Leary, and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

The question we reach in this de novo review of a workmen's compensation claim is whether the claimant suffered an injury in the course of his employment on the employer's premises.

The claimant was employed on the swing shift as a drill press operator. He left the premises to eat a meal in his pickup truck at about 8 p.m. on August 25, 1969. His pickup truck was located in a parking lot outside a fence which enclosed the plant. Ingress and egress were controlled by a security officer. Claimant admitted drinking two or three bottles of beer with his meal. There was also some evidence that he had been drinking before that. He took a bottle of ale back to work after his meal. His immediate supervisor, noting that he had been drinking and that he was behaving erratically, reported these facts to the foreman. The foreman after talking to the claimant advised him that because of his drinking he should punch out and go home.

The claimant then left his place of employment and was next seen by a plant security officer when he discovered claimant lying across the sidewalk near the inside of the fence around the plant. A conversation ensued between claimant and the security officer, and later between the foreman, the security officer and the claimant. Apparently the claimant indicated

that he was suffering some pain, but told the others that it was due to an old war injury and that he had shrapnel in his back. Claimant, at the hearing, denied this statement. It is conceded that he did have a prior service-related back condition not, however, resulting from shrapnel.

He refused offers of assistance, including an offer to call an ambulance or to drive him home. He was then assisted to his pickup and drove slowly away. Claimant testified that he had little memory of what happened after he left the plant until he arrived at home. Early the next day he was admitted to a hospital where he had been taken by his wife and was found to have a fractured vertebra.

Claimant does not recall much about how he was injured. He cannot remember if he passed out and fell, or fell and passed out. In any event, he told the doctor that he was injured at work when he slipped off a high curb.

The hearing officer made a finding rejecting the claim on the grounds, *inter alia*:

"Whether or not the claimant did in fact suffer a compensable injury while on his way to the parking lot is another matter. Although not stressed by the defense, this issue must necessarily be herein resolved.

"While it is true the very next day claimant showed up at a hospital with a recent compression fracture at L-2, this extremely brief period of time after the alleged accidental occurrence is not in itself enough to conclude that the claimant was injured as alleged in view of the many contradictory statements exchanged during the hearing and the impression created on the undersigned by the claimant.

"The nature of the testimony, and the manner of giving it, (by all the witnesses) is such that I am inclined to believe that, at the time in question, claimant was first discovered, supine and relaxed on the sidewalk, and not only did not then state that he had fallen, but did state that the pain then being endured was nothing new and was merely a recurrence of something that had happened many times before.

"* * * * *

"From all this I am forced to choose between finding claimant injured himself in the manner, and at the time and place alleged, or that the recent compression fracture found shortly thereafter resulted from other, unknown causes. Since I am not convinced that it was the former, I must conclude that it was the latter, vague though it may be."

The board sustained the hearing officer's order rejecting the claim, stating, *inter alia*:

"The above entitled matter involves the issue of whether the claimant sustained a compensable injury arising out of and in course of employment. The claimant, a 52 year old drill press operator, was discovered lying on the ground near a gate between the employer's buildings and the employer's parking lot. Sometime after lunch on this day he had been told to go home by supervisors who concluded that the claimant had been drinking and could not work effectively.

"The claimant refused offers of assistance, when found, and got into his pickup truck and successfully drove home though he has no recollection of having done so. Early the next day the claimant checked into a hospital and was diagnosed as having a recent compression fracture at the L-2 vertebra.

"Not only does the claimant have no recollection of how he got home, his recollection is worth-

less of how he got to the ground and whether he fell and, if he fell, whether he fell on his stomach or his back."

The trial court found contrary to the hearing officer and board, being of the belief that claimant's testimony was sufficient to enable him to find that his injury was the result of the fall on the employer's premises.

In large part this case turns on the credibility of the claimant, and on matters of the credibility of witnesses we give weight to the findings of the hearing officer. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

Our review of the record leads us to the conclusion that the claimant has not sustained the burden of proving by a preponderance of the evidence that his fracture was due to a fall on the employer's premises.

The employer devotes a good share of its brief to the contention that the claimant was intoxicated on the job, was unable to perform his work because of intoxication, and that therefore any injury he suffered while attempting to leave his place of employment was not within the course and scope of his employment. Beyond noting that intoxication is not a statutory defense in Oregon as it is in some states, we need not and do not reach that question.

Nevertheless, we are satisfied that claimant was substantially under the influence of intoxicants and it may well be that this has prejudiced him. It is possible that claimant did fracture his vertebra by falling on the employer's premises, but the fact re-

mains that because of the condition in which he voluntarily placed himself he is unable to offer any credible testimony of what happened at the plant and what happened during the more than three hours that ensued between the time he drove away from the plant and was taken to a hospital by his wife who, we note, did not testify at the hearing. We thus have nothing but the claimant's incoherent testimony as to what transpired from the time he left the plant until he got home and what happened between the time he got home and the time he entered the hospital.

It is uncontroverted that at the time he was found in a supine position at the plant he was suffering pain. At the scene he explained it as being the product of an old injury—later as the result of a fall. It is just as reasonable to assume that the pain was caused by the old injury as it is to assume that it was caused by an injury at the plant on the night in question. A report from one of the claimant's doctors states:

> "This patient has a mild compression fracture of the 2nd lumbar vertebra with some pain into the legs, which is not substantiated by any objective neurological findings. *He has a past history of heavy pain medication usage* and evaluation on him is extremely difficult * * *." (Emphasis supplied.)

Reversed.