Argued and submitted May 12, affirmed December 8, 1982, reconsideration denied January 21, petition for review denied November 22, 1983 (296 Or 120)

In the Matter of the Compensation of
Linda D. Mackay, Claimant.

# MACKAY,
*Petitioner,*

*v.*

# STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(WCB Case No. 81-02371, CA A23379)

654 P2d 1144

Michael N. Gutzler, Salem, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals from an order of the Workers' Compensation Board, that affirmed the referee's order affirming SAIF's denial of petitioner's claim. We affirm.

Claimant is a school-bus driver. On November 17, 1980, she completed her bus round at 4:30 p.m., parked the bus, disembarked and began walking across the bus parking lot to the bus barn, where she was to punch out on a time clock. She testified that she injured her back when "I was walking across the parking lot and my right leg buckled from beneath me and I fell." She testified that she had not tripped over anything but that she had been working more hours than normal and had experienced some low back discomfort during that week.

Claimant saw her doctor at 5 p.m. that day for a regularly scheduled appointment to receive treatment for a previous work related neck and mid-back injury. She told her doctor that she had fallen that day and had some low-back pain. The doctor determined that the low-back injury was "completely separate" from the area previously injured and completed a claim form for a new injury. On that form, the doctor marked "Yes" in answer to the question, "Is the condition requiring treatment the result of the industrial injury or exposure described?" SAIF does not contest that the fall caused the low-back injury.

The referee found claimant to be a credible witness but concluded that she had not proved by a preponderance of the evidence that the injury was work connected, because there was no medical evidence of a work-connected cause of the collapse of claimant's leg. On appeal, she argues that her case is indistinguishable from *Hubble v. SAIF,* 56 Or App 154, 641 P2d 593, *rev den* 293 Or 103 (1982). SAIF argues that *Hubble* is distinguishable because claimant's job did not require a substantial amount of walking, as did Hubble's job. We find *Hubble* to be distinguishable on an additional basis.

The issue, as the referee saw it and as we see it, is whether the evidence shows that the cause of her *fall* was work-connected. The claimant in *Hubble* did just that. We conclude that claimant here had the same burden. There is

uncontroverted medical evidence that claimant's back was injured by the fall. SAIF does not contest that she fell during working hours and on her employer's premises, *i.e.* in the course of employment, but that is only one consideration in the analysis of the unitary work-connection test adopted in *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980). Another is that the injury arose out of employment. ORS 656.005(8)(a). Although these elements are not to be applied as separate tests, an injury that has sufficient work relationship necessarily arises out of and in the course of employment. *Rogers v. SAIF, supra,* 289 Or at 643.

We recently adopted Professor Larson's analysis of unexplained falls. *Phil A. Livesley Co. v. Russ,* 60 Or App 292, 653 P2d 274 (1982). There we held that a claimant will have carried the burden of proof of work connection by showing that the injury occurred on the employer's premises during work hours and that the cause is unknown and not particular to the claimant. In that case, like this one, the claimant fell at and during work and was injured as a result. Unlike this case, the lay evidence and medical reports in *Livesley* persuasively eliminated all idiopathic[1] factors of causation; therefore, the claimant had shown the cause of the injury to be unknown and not particular to him.

The lay evidence and medical reports here do not eliminate all idiopathic factors of causation. Unlike *Hubble v. SAIF, supra,* there was *no* medical evidence that claimant's knee buckled as a result of a risk of her employment. Claimant's testimony raised an inference of possible connection between extra work hours, low-back pain and the buckled knee, but the referee found that inference was insufficient to meet the preponderance of evidence burden. We agree. Claimant's evidence showed no more than that it was equally possible that the cause of claimant's fall, her buckling knee, was idiopathic as that it was connected. That is not enough to satisfy her burden of proof. Without more, such a fall is not compensable. *See Phil A. Livesley Co. v. Russ, supra.*

Affirmed.

---

[1] As we did in *Livesley,* we use the term "idiopathic" here to mean "peculiar to the individual" and not as "arising from an unknown cause."