Argued and submitted May 17, affirmed November 10, reconsideration denied December 23, 1982, petition for review allowed January 18, 1983 (294 Or 460)
See 296 Or 25, 672 P2d 337 (1983)

In the Matter of the Compensation
of Peter J. Russ, Claimant.

**PHIL A. LIVESLEY CO. et al,**
*Petitioners,*

*v.*

**RUSS,**
*Respondent.*

(WCB No. 80-03289, CA A22795)

653 P2d 274

Dennis R. VavRosky, Portland, argued the cause for petitioner. On the brief were Ronald W. Atwood, and Rankin, McMurry, VavRosky & Doherty, Portland.

Michael J. Hansen, Salem, argued the cause for respondent. With him on the brief was Thorbeck & Hansen, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

The issue in this workers' compensation case is compensability. The employer seeks reversal of the Workers' Compensation Board's order affirming the referee's finding that the claimant's hip injury from an "unexplained fall" was compensable. We affirm.

Claimant, an 82-year-old laborer, was employed at a food-processing plant. On February 5, 1980, the date of the injury, claimant had worked a full eight-hour shift sorting onions on a production line. He finished his duties at 5 p.m. and proceeded from his work area to the time clock to "punch out" for the day. In traveling along his usual route to the time clock, claimant fell and broke his right hip. Surgery was performed, and claimant was released to return to regular work on September 11, 1980.

There is no dispute concerning the cause of the fall. Testimony revealed that the area where the injury occurred was free from debris and other substances that would account for the fall. Claimant testified that he did not feel dizzy, experience vertigo or lose consciousness before falling. His doctor reported that there was no evidence of a previously existing disease or weakness that would account for the fall. In short, there was no idiopathic[1] reason for the claimant's fall; it was simply unexplained.

Employer argues that claimant did not meet his burden to prove by a preponderance of the evidence that the injury was compensable. It is employer's contention that the Board impermissibly shifted the burden of proof from the claimant to the employer when it found that the unexplained fall on the employer's premises was sufficiently work-connected to be compensable. We do not agree.

■ ■ According to Professor Larson, risks causing injury to a claimant can be placed in three categories: risks distinctly associated with the employment, risks personal to the claimant, and "neutral" risks that have no particular

---

[1] We use the term "idiopathic," as it is used by Larson, to mean "peculiar to the individual" and not as "arising from an unknown cause."

employment or personal connection.[2] 1 Larson, Workmen's Compensation Law § 7.00 (1978). Harms resulting from the first group are universally compensable, while injuries sustained from the second are not. It is in the third category that the dispute lies. A growing majority of jurisdictions place on the employer the burden of neutral risks in the course of employment that result in harm.[3] When the accident would not have occurred and the injury would not have been received but for the employment and when the risk is not a personal one, there is a sufficient work connection to establish compensability. 1 Larson, Workmen's Compensation, § 10.31 (1978); *see also Hubble v. SAIF,* 56 Or App 154, 641 P2d 593, *rev den* 293 Or 521 (1982); *Otto v. Moak Chevrolet,* 36 Or App 149, 583 P2d 594, *rev den* 285 Or 319 (1978). Under this analysis, an idiopathic fall is not compensable; nor is a fall compensable if it is equally possible that its cause was · idiopathic or work-related. However, a completely unexplained fall that occurs on the employer's premises, during working hours, while the employe is working is compensable. We are persuaded that this analysis is consistent with the unitary work connection approach articulated in *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980).

Oregon has been grouped with the minority of states that deem an injury from an unexplained fall not compensable. This is primarily the result of confusion between cases involving unexplained causation and idiopathic causation. While often treated the same analytically, the two types of falls are fundamentally different. As Larson explains:

"* * * [U]nexplained fall cases begin with a completely neutral origin of the mishap, while idiopathic fall cases begin with an origin which is admittedly personal and which therefore requires some affirmative employment contribution to offset the prima facia showing of personal origin." 1 Larson, Workmen's Compensation § 12.11 (1978).

---

[2] Neutral risks include those whose nature is known but which are not associated with employment or the employe personally, *e.g.,* a stray bullet, a mad dog, a lunatic killer, a bolt of lightning, debris from a distant explosion or a flying insect. Another type of neutral-risk case is that in which the cause itself, or the character of the cause, is simply unknown.

[3] Many jurisdictions have reached this result with the aid of statutory presumptions.

This confusion is reflected in *Puckett v. Wagner,* 6 Or App 269, 487 P2d 897 (1971), a fall case, and *Raines v. Hines Lbr. Co.,* 36 Or App 715, 585 P2d 721 (1978) a death case. Although *Puckett* has been cited as an "unexplained fall" case, there was evidence of idiopathic causation. The claimant had been sent home early from work because he had been drinking. While leaving the employer's premises, he fell and was injured. The personal contribution of voluntary intoxication removes that case from the neutral risk category and puts it squarely in the area of personal risk. The employe may have been in the course of his employment, but he failed to carry his burden or proving that the injury arose out of his employment. Similarly, *Raines* involved the death of an employe from a heart attack. There were two equally plausible explanations of the death: one idiopathic, one work-related. Because the evidence was capable of supporting both theories equally, we held that the claimant, employe's widow, had not met her burden to prove work connection.

■   In the instant case, the Board found, and we agree, that the medical reports and lay testimony persuasively eliminated all idiopathic factors of causation. This is a true unexplained fall case. Accordingly, we hold that claimant, having proved that the injury occurred on the employer's premises during work hours and having shown that the cause of the injury is unknown and not personal, has carried his burden of proof. In so concluding, we have not shifted the burden of proof or used an implied presumption. Rather, a sufficient work connection between the injury and the employment has been shown by the fact that the injury occurred in the course of employment, that the employment caused the employe to be at the place where he was injured at the time when he was injured, and that there is no evidence of personal contribution to the injury. *Rogers v. SAIF, supra.*

Affirmed.