In the Matter of the Compensation of
Wayne McAdams, Claimant.

## McADAMS,
*Petitioner,*

*v.*

## SAIF CORPORATION,
*Respondent.*

(81-03758; CA A25709)

674 P2d 80

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Donna M. Parton, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

■ Claimant appeals from a Workers' Compensation Board order denying compensation for injuries he received as a result of a fall at work. The issue is whether claimant's fall was "unexplained" in the sense that the reason for falling is unknown, or whether his fall was "idiopathic," that is, the reason is known but is personal to claimant rather than work-related. As the Supreme Court pointed out in *Phil A. Livesley Co. v. Russ,* 296 Or 25, 672 P2d 337 (1983), if a claimant's fall is unexplained, it is compensable, but if it is idiopathic, it is not.[1] The Board held that claimant's fall was idiopathic and denied compensation. We affirm.

Claimant was employed by Harris Pine Mills. On February 20, 1981, after his arrival at work, he was running a sanding machine when he was told to set up a drill. His foreman, who helped claimant find a needed part for the set-up, testified that, when he went to get the part, he left claimant standing and leaning against some cartons. Although the foreman did not go far, claimant was out of sight for a few minutes. He said that he did not hear anything but, when he returned, claimant was lying on the floor with both hands still in his pockets. Claimant suffered a posterior skull fracture, right side, from striking his head on the floor. No one actually saw what happened. There is nothing to indicate that there was any accident leading up to the event.

Dr. Franks, claimant's treating physician, determined that claimant had suffered a spontaneous fainting spell but was unable to determine the cause, despite extensive testing. Dr. Franks stated in his February 20, 1981, report: "The etiology of the patient's fall is in question. It appears to have been associated with a syncopal type episode." In his June 8, 1981, report he stated further: "I don't know how it is work-related except that it happened at work." SAIF denied the claim. The referee, after hearing, found it to be compensable. The Board reversed.

In *Phil A. Livesley Co. v. Russ, supra,* the claimant was walking down a crowded aisle from his work station to the

---

[1] When this case was argued, our decision in *Phil A. Livesley Co. v. Russ,* 60 Or App 292, 653 P2d 274 (1982), was pending on review in the Supreme Court. We delayed our decision until the Supreme Court decided *Livesley.*

time-clock to punch out when he fell and broke his hip. There was no evidence that the fall resulted from idiopathic causes; the employer conceded that it was not, but contended that an unexplained fall is not compensable. The court said:

> "In the present case, the Court of Appeals agreed with the findings of the Workers' Compensation Board that the medical reports and lay testimony persuasively eliminated all idiopathic factors of causation. Under the Court of Appeals' neutral risk analysis, a fall due to idiopathic causes is not compensable; neither is one where it is equally possible that its cause was idiopathic or work-related. However, a truly unexplained fall that occurs on the employer's premises, during working hours, while the employee is performing required duties is compensable if the employee can eliminate idiopathic causes. We agree." 296 Or at 30.

In *MacKay v. SAIF,* 60 Or App 536, 654 P2d 1144 (1982), *rev den* 296 Or 120 (1983), the claimant's leg buckled while she was walking to the bus barn to punch out. She fell and hurt her back. There was no medical evidence that her leg had buckled as a result of a risk of her employment. We said that the most that could be said is that it was equally as possible that the cause of the claimant's fall was idiopathic as that it was job-connected, and held that the claim was not compensable. In *MacKay,* the cause of the fall was known: the claimant's leg buckled. Here, the cause of claimant's fall is also known: he fainted. In both *MacKay* and this case the fall was not unexplained; in *Livesley,* the cause was truly unexplained.

The only evidence, both medical and lay, in this case is that the cause of claimant's fall was idiopathic, although Dr. Franks was unable to document the cause of claimant's fainting spell. He stated that claimant had no previous history of passing out, but both of his reports conclude that claimant did faint. There is no medical evidence that he fainted as a result of a risk of his employment. His supervisor stated that, when he told claimant to wait for him, he appeared to be drowsy and was leaning against a pallet load of merchandise.

Unlike *Livesley,* all idiopathic factors of causation have not been eliminated here. As in *MacKay,* the most that

claimant's evidence shows is that it was equally possible that the cause of his fall, his fainting spell, was idiopathic as that it was work-related. That is not enough to satisfy his burden of proof. Therefore, the injury is not compensable.

Affirmed.