Argued and submitted October 12, 1987, affirmed January 13, 1988

In the Matter of the Compensation of
Vlassios Damis, Claimant.

DAMIS,
*Petitioner,*

*v.*

COTTER & COMPANY et al,
*Respondents.*

(WCB 85-06061; CA A42156)

748 P2d 166

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Donald R. Wilson and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Stephen R. Frank, Portland, argued the cause for respondents. On the brief was Montgomery W. Cobb, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee's determination that the injuries he suffered when he fell at work are compensable.

Claimant was working for employer as a loader when he sustained an injury to his head. He originally told doctors that he could not recall falling or his activities immediately before the injury. He testified at the hearing, however, that he remembers picking up a heavy toolbox and twisting to the left; the next thing he remembers is lying on the floor. He does not remember feeling dizzy or nauseous before the event. The evidence is that no one saw him fall and that co-workers found him unconscious on the floor.

Claimant's injury is not compensable if the fall was "idiopathic," *i.e.,* caused by a condition personal to claimant, rather than work-related or "unexplained." *Phil A. Livesley Co. v. Russ,* 296 Or 25, 672 P2d 337 (1983). A fall is "unexplained" if it occurred during the course of employment and was not caused by idiopathic factors. 296 Or at 27. When idiopathic causes have been eliminated, the inference arises that the fall is traceable to some risk, albeit unidentified, to which the employe was exposed at the workplace. 296 Or at 32.

Drs. Wells, Reinhart and Buxman saw claimant immediately after the fall and described the event as a "syncopal episode," a sudden loss of consciousness or a fainting spell, presumably on the basis of claimant's description of the event, particularly his lack of memory of falling. They performed diagnostic tests and eliminated every suspected cause of fainting.

When claimant's counsel asked whether he might not have just tripped and fallen, the doctors expressed uncertainty as to the actual cause of the fall. Wells could not say whether claimant had fainted or had tripped and fallen. Reinhart maintained that his original diagnosis of a faint is consistent with the history that claimant provided. He said, however, that, because there were no witnesses, it would be impossible to define a clear cause of the fall. Buxman stated that he did not know whether claimant had slipped and fallen or had fainted. Dr. Grewe, who did not examine claimant until four

months after the event, stated that, because the studies had not identified a physiological cause for a lapse of consciousness, "I would have to assume that he probably just fell from some mechanical cause."

It appears that, initially, for the sake of diagnosis and treatment, the doctors had understandably assumed, but had not actually determined, that claimant had fainted. Their assumption was consistent with claimant's description of the event and his lack of memory of actually falling. No one disputes claimant's credibility. No one has explained why he would not remember falling if he had not lost consciousness before the fall. No reason has been given why he would not remember if he had tripped. There is no evidence that he did trip or that the fall was otherwise "mechanical." We find, on *de novo* review, that the most plausible explanation is that he fainted.

The question now becomes essentially indistinguishable from that in *McAdams v. SAIF,* 66 Or App 415, 674 P2d 80, *rev den* 296 Or 638 (1984), where, as here, the evidence was that the cause of the claimant's fall was fainting from an unknown cause. We found that it was as possible that the cause of the faint was idiopathic as that it was work-related and held that the claimant had not met her burden of showing that the faint was not idiopathic. Here, although claimant has eliminated many suspected causes, the evidence is that there are a multitude of additional personal factors that can bring on a faint. He has not, therefore, met his burden of proving that the faint was not idiopathic. Accordingly, we are unable to infer that the faint came about as a result of a work-related but unexplained cause, and the claim is not compensable.

Affirmed.

**ROSSMAN, J.,** dissenting.

Claimant fell and was injured at work. *All* the medical experts agree that there is no objective medical evidence of the cause of his fall. In the words of Dr. Reinhart, a witness for employer, "I think it will be impossible to define a clear etiology for this event."

*Phil A. Livesley Co. v. Russ,* 296 Or 25, 30, 672 P2d 337 (1983), holds that, if a worker's fall is unexplained, it is

compensable, but if it resulted from idiopathic causes, it is not. The burden of "persuasively" eliminating idiopathic causes is on the claimant. 296 Or at 30. The medical evidence in this case is that many possible idiopathic causes of a fall can *never* be eliminated. Therefore, if "persuasively" eliminating idiopathic causes requires that a claimant must prove that none could exist, *Livesley* is meaningless.

I would hold that a claimant persuasively eliminates idiopathic causes if he eliminates the most probable idiopathic causes of an event, and the remaining possibilities are not capable of being proven or disproven. The majority finds that "the most plausible explanation" of the fall is that claimant fainted. The majority ignores the one clear piece of medical evidence: no one knows why claimant fell. Unfortunately, it then decides the case by making a guess. If that method is to be used to analyze these kinds of cases, it could be that no injury could ever be from "unknown" causes.

The neurologist's explanation of the evidence is most persuasive to me:

> "There is no way of knowing if there was some physiological cause of a lapse of conciousness * * *. In other words, since there is no proof to the contrary, a diagnosis of cerebral concussion, occipital laceration and cervical strain superimposed on cervical spondylosis (etiology unknown) would be a more appropriate diagnosis."

Claimant eliminated discernable heart and neurological problems as the cause. Employer's witness could not even identify the most probable among other possible, unascertainable causes. The cause of claimant's fall was unknown. He should receive benefits.