Argued and submitted February 11, reversed and remanded for reconsideration October 2, 1991

In the Matter of the Compensation of
Bill L. Marshall, Claimant.

Bill L. MARSHALL,
*Petitioner,*

*v.*

BOB KIMMEL TRUCKING
and Liberty Northwest Insurance Corp.,
*Respondents.*

(WCB 88-15509; CA A65603)

817 P2d 1346

Karsten H. Rasmussen, Eugene, argued the cause for petitioner. With him on the brief was Rasmussen & Henry, Eugene.

Adam T. Stamper, Medford, argued the cause for respondents. With him on the brief was Cowling & Heysell, Medford.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., retired.

## RICHARDSON, P. J.

Claimant petitions for review of an order of the Workers' Compensation Board that denied compensation for injuries received in a truck accident during the course of his employment. The Board adopted the referee's opinion. We reverse.

Claimant was injured in a single vehicle accident when the log truck that he was driving ran off the road and overturned. He recalls nothing between the time when he passed a scaling station and the time when he woke up in the wreckage of his truck one and one-half miles down the highway. He suffered a broken left hand, knee injuries and a concussion. At the hospital, claimant speculated that he had fainted due to a new medication that he was taking for hypertension and headaches. A number of tests were conducted to determine whether claimant had indeed fainted and, if so, what might have been the cause. The tests were inconclusive.

The referee found that the cause of the accident is "unknown." That finding is supported by substantial evidence in the record. The referee denied compensation, concluding that claimant had not satisfied his burden of proving by a preponderance of the evidence that his injuries were work-connected, because he had not been able to rule out all possible idiopathic causes of the accident.[1]

Employer argued, and the referee apparently agreed, that previous cases involving injuries sustained in unexplained falls at workplaces were controlling. The cases cited in the referee's opinion all involved claimants who were injured when they fell, for unexplained reasons, from a standing position on the unobstructed floor of their workplace. The injuries sustained were caused solely by the impact of the

---

[1] An "idiopathic" cause is a pre-existing physical weakness or disease of the claimant which contributes to the accident. The rule that a claimant must eliminate idiopathic causes before injuries due to an unexplained fall will be compensable was explained in *Phil A. Livesley Co. v. Russ,* 296 Or 25, 672 P2d 337 (1983). In that case, the claimant broke his hip when he fell as he walked down a hallway at work. The employer conceded that the cause of the fall was not idiopathic. On review, the court held that, if the cause of a claimant's on-the-job injury is "unexplained," it is compensable, provided that the claimant "eliminates" idiopathic causes. Compensation was allowed. 296 Or at 27.

claimant with the floor. *See, e.g., Phil A. Livesley Co. v. Russ,* 296 Or 25, 27, 672 P2d 337 (1983); *McAdams v. SAIF,* 66 Or App 415, 674 P2d 80, *rev den* 296 Or 638 (1984).

Larson distinguishes unexplained fall cases from cases in which, due to *idiopathic causes,* a claimant was injured while in a moving vehicle. He says:

> "Awards are uniformly made when the employee's idiopathic loss of his faculties took place while he was in a moving vehicle * * *. It seems obvious that the obligations of their employment had put these employees in a position where the consequences of blacking out were markedly more dangerous than if they had not been so employed." 1 Larson, *Workmen's Compensation Law* 3-356, § 12.12 (1990). (Footnotes omitted.)

That distinction makes sense. Claimant's injuries are not the results of a fall but, rather, of the impact of his log truck with the side of a mountain. The risk of serious injury from any loss of consciousness, of idiopathic origin or not, was greatly increased by the fact that claimant was driving a log truck for his employer's benefit. We conclude that the injuries arose out of and in the course of his employment and are compensable.

Reversed and remanded for reconsideration.