Argued and submitted November 16, 1992, reversed and remanded February 10, reconsideration denied April 7, petition for review denied May 25, 1993 (316 Or 528)

Bill MARSHALL
and Betty Marshall,
husband and wife,
*Appellants,*

*v.*

Michael KORPA, D.O.,
*Respondent.*

(90-1545-L-1; CA A74211)

846 P2d 445

Hollis K. McMilan and Lynn R. Nakamoto, Portland, argued the cause for appellants. With them on the briefs was Markowitz, Herbold, Glade & Mehlhaf, P.C., Portland.

Daniel M. Holland, Eugene, argued the cause for respondent. With him on the brief was Loomis & Holland, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal from a summary judgment for defendant. ORCP 47C. The questions presented are whether plaintiffs' medical malpractice claims are barred by either issue preclusion or judicial estoppel, and whether the court erred when it excluded evidence pre-trial. We reverse.

According to the summary judgment record, defendant, who was plaintiff Bill Marshall's[1] physician, prescribed certain medications to treat headaches. Plaintiff, who worked as a log truck driver, asked defendant whether the medication could affect his ability to drive and was told that it would not. Plaintiff took the medication as prescribed and, shortly thereafter, was involved in an accident while driving his log truck.

Plaintiff filed a workers' compensation claim against his employer. He claimed that he lost consciousness suddenly and without warning, and that he had no memory of the accident. In the workers' compensation case, he argued that work-related fatigue was at least a "significant contributory cause" of the accident. The employer argued that the cause of the accident was plaintiff's ingestion of the medication or other idiopathic conditions. The referee found that the cause of the accident was "unknown" and denied the claim. The Workers' Compensation Board affirmed and, on review, we reversed and remanded for reconsideration. *Marshall v. Bob Kimmel Trucking*, 109 Or App 101, 817 P2d 1346 (1991). While review before this court was pending, plaintiffs filed this action. Defendant moved for summary judgment, arguing that the claims are barred by issue preclusion or, alternatively, judicial estoppel. The trial court granted defendant's motion.

■■ Summary judgment is appropriate when there is no genuine issue as to any material fact[2] and the moving party is

---

[1] Plaintiffs are husband and wife. Plaintiff Betty Marshall's claim is for loss of consortium. Because of our resolution, we need not address her argument that the court erred in granting summary judgment as to her claim. For convenience, our reference to "plaintiff" in this opinion, means Bill Marshall.

[2] Defendant also argues that there is a third and independent basis for summary judgment; that plaintiffs were not entitled to a jury determination of the issue of what caused the accident. Plaintiffs argue that defendant did not raise that argument below and cannot now assert it on appeal. Assuming without deciding that defendant raised the argument to the trial court, it does not support summary

entitled to judgment as a matter of law. ORCP 47; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). Issue preclusion precludes future litigation of an issue only when the issue was actually litigated and determined in a setting where its determination was essential to the final decision. *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990). Findings in a workers' compensation proceeding that are unnecessary to the determination of compensability do not have preclusive effect. *Chavez v. Boise Cascade Corporation*, 307 Or 632, 637, 772 P2d 409 (1989).

■     Defendant argues that, because the referee found that the cause of the accident was unknown after the parties fully litigated the issue of causation, plaintiffs are bound by that result. The Board adopted the referee's order, which upheld the denial of the claim. What the referee and the Board decided in the workers' compensation case is not necessarily determinative. The effect of an appeal on a prior judgment is stated in *Restatement (Second) of Judgments* § 27, *comment* o (1982):

> "*Effect of an appeal.* If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court (or by the court of first instance in pursuance of the mandate of the appellate court), *this latter judgment* is conclusive between the parties." (Emphasis supplied.)

On our review of the Board's order, we held that the referee's determination that the cause of the accident was unknown was supported by substantial evidence. 109 Or App at 103. However, we reversed the Board, reasoning that the risk of serious injury from any loss of consciousness, regardless of cause, was "greatly increased by the fact that claimant was driving a log truck for his employer's benefit." As a result, we concluded that plaintiff's injuries arose out of, and in the course of his employment and were compensable. 109 Or App at 104. In essence, we held that the determination that the cause of plaintiff's loss of consciousness was *not*

judgment. Plaintiffs' attorney submitted an affidavit regarding the testimony of plaintiffs' expert witness. The affidavit says that plaintiffs' expert will testify that the first-dosage side effects of the medication prescribed by defendant are well known and that those side effects include hypotension, dizziness, lightheadedness and loss of consciousness. That evidence raises an issue of fact precluding summary judgment. ORCP 47C.

*essential* to resolving the issue of compensability. Therefore, issue preclusion does not apply and plaintiffs are not bound by that determination in this case.

Defendant also argues that plaintiffs' claim is barred by judicial estoppel. Judicial estoppel bars a party from "asserting a position that is in conflict with a position that it successfully asserted in an earlier judicial proceeding." *Caplener v. U.S. National Bank*, 112 Or App 401, 415, 831 P2d 22, *rev allowed* 314 Or 573 (1992).[3] The doctrine connotes a situation where a litigant takes a current position contrary to an earlier position and the defending party relies on that position to his detriment. *See Bakker v. Baza'r, Inc.*, 275 Or 245, 551 P2d 1269 (1976). The purpose of the doctrine is to safeguard the judicial process from abuse by litigants who play "fast and loose" with the judicial system.

During the workers' compensation hearing, plaintiff argued:

> "There was some indication at one time that some kind of medication had affected him in some way and whether or not that's the case I think the — the evidence is at least inconclusive on that, and I think basically the claimant's contending that fatigue, the long hours and the work that he was doing was at least a significant contributing caus...causation. It certainly was on the job, so that's not in question, and basically the claimant woke up after the accident, he doesn't recall going to sleep, he doesn't know how it happened. * * * [S]o it's all speculation at this point."

Plaintiffs' contention that it was the medication prescribed by defendant that caused him to lose consciousness is not so inconsistent as to invoke the application of the doctrine. Moreover, there is no persuasive evidence that either the court or this defendant changed its position or suffered any detriment as a result of plaintiff's position in the workers' compensation proceeding.[4] Plaintiffs are not barred by judicial estoppel.

---

[3] Although *Caplener v. U.S. National Bank, supra*, was decided before plaintiffs filed their opening brief in this case, neither party cites it nor discusses whether plaintiff "successfully asserted" his position in the prior proceeding. Because of our resolution of this case, we need not address what constitutes a "successfully asserted" position for the purpose of judicial estoppel.

[4] Some courts have held that "detrimental reliance" is not an element of judicial estoppel. *See Bakker v. Baza'r, Inc., supra*, 275 Or at 272 n 15; 1B *Moore's Federal Practice* § 0.405[8], 242 (1992).

■     Plaintiffs also assign error to the trial court's pretrial decision to exclude references at trial to Drug Experience Reports (DER) compiled by the Federal Drug Administration. Plaintiffs made no offer of proof, and their assertion that an offer of proof was not necessary because the court's ruling excluded an entire class of evidence is misplaced. This is not a case where the court's ruling on evidence involved an underlying legal ruling, such as the availability of a claim or defense. *See, e.g., State v. Olmstead*, 310 Or 455, 800 P2d 277 (1990). Plaintiffs made no offer of proof that laid the foundation for the use of the reports by the expert pursuant to OEC 703 and, therefore, the issue is not properly preserved for this appeal. OEC 103(1)(b);[5] ORAP 5.45(2); *Marcoulier v. Umsted*, 105 Or App 260, 262, 805 P2d 140, *rev den* 311 Or 426 (1991).

    Reversed and remanded.

---

  [5] OEC 103(1)(b) provides, in part:

"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:

"* * * * *

"(b) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."