Submitted on record and briefs November 19, 1993, reversed and remanded
January 19, 1994

# A. H. PATTERSON
## and Nileletta Patterson,
### husband and wife,
*Respondents,*

*v.*

## Paul KANNA,
*Appellant.*

## (91-02329CV; CA A75513)

867 P2d 518

Patricia Campbell filed the brief for appellant.

James R. Uerlings and Boivin, Jones, Uerlings & DiIaconi filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

In this foreclosure action, defendant appeals from a summary judgment for plaintiffs. ORCP 47C. We reverse.

■ ■ To prevail on its motion for summary judgment, plaintiffs must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 700, 588 P2d 1100 (1978). We view the evidence in the light most favorable to the party opposing the motion. *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991).

■ In 1983, plaintiffs loaned defendant $28,000. Defendant executed a promissory note to them for that sum and a mortgage as security for its payment. He did not make timely payments on the note and, in 1987, plaintiffs demanded payment in full. In 1989, defendant filed for bankruptcy protection, staying action on plaintiffs' claim.

Plaintiffs brought this foreclosure action after the bankruptcy court granted relief from the automatic stay. They moved for summary judgment. The trial court granted the motion and awarded plaintiffs judgment for $28,000 plus interest and foreclosed the mortgage. Defendant assigns error to the trial court's granting of summary judgment, contending that there are disputed issues of material fact about the amount of money left owing on the note.

■ In his affidavit submitted in opposition to the motion for summary judgment, defendant claims that he paid plaintiffs $4,500 in cash on the note.[1] They deny he paid them that sum. If defendant made that payment, then the amount of the money judgment is incorrect. Plaintiffs argue that defendant was required in his bankruptcy proceeding to disclose any debt disputed or subject to a set off. They contend that he did not make such a disclosure and that, as a result, he is judicially estopped from asserting that the amount of the judgment should be reduced to account for a payment he allegedly made.

---

[1] Plaintiffs argue that defendant's affidavit is not based on personal knowledge and, therefore, cannot create any genuine issue of material fact. Although portions of defendant's affidavit are based on information and belief, his claim that he paid plaintiffs $4,500 in cash is not.

■■ The doctrine of judicial estoppel bars a party from asserting a position contrary to one successfully maintained in an earlier judicial proceeding. *Caplener v. U.S. National Bank*, 317 Or 506, 518, 857 P2d 830 (1993). The party raising judicial estoppel as a defense has the burden of showing that it relied to its detriment on the position taken by the other party in the earlier proceeding. *Marshall v. Korpa*, 118 Or App 144, 148, 846 P2d 445, *rev den* 316 Or 528 (1993). Here, plaintiffs present no evidence that they detrimentally relied on any position taken by defendant in the bankruptcy proceeding. Moreover, nothing in the summary judgment record shows that defendant somehow improved his position as a result of the purported failure to assert the payment. *See Hampton Tree Farms v. Jewett*, 125 Or App 178, 865 P2d 420 (1993).

We conclude that the evidence in the summary judgment record does not establish that defendant is barred from contesting the amount owing on the note. Because the parties' affidavits create a genuine issue of material fact about the balance owing on the note, the trial court erred in granting plaintiffs summary judgment. We need not decide whether there are other facts in dispute.

Reversed and remanded.