Argued and submitted July 30, 2012, affirmed April 17, petition for review denied September 12, 2013 (354 Or 148)

In the Matter of the Compensation of
Pamela M. Hamilton, Claimant.

Pamela M. HAMILTON,
*Petitioner,*

*v.*

SAIF CORPORATION
and Lane Community College-Personnel-LCC,
*Respondents.*

Workers' Compensation Board
0906605; A148339

302 P3d 1184

Allison B. Lesh argued the cause and filed the briefs for petitioner.

Holly C. O'Dell argued the cause and filed the brief for respondents.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Claimant seeks review of an order of the Workers' Compensation Board (board) that concluded that her injury, which occurred from an idiopathic[1] fall from a standing position onto the brick floor of her workspace, was not compensable. On judicial review, claimant assigns error to the board's ruling that the "mixed risk" doctrine does not govern injuries sustained as a result of an idiopathic, ground-level fall and to the board's failure to consider employer's requirement that she stand on a hard brick floor during work as a contributing factor to her injury. We conclude that the board did not err in concluding that claimant's injury was not compensable. Accordingly, we affirm.

We review the board's legal conclusions for errors of law, including for substantial reason, ORS 183.482(8)(a), and its factual findings for substantial evidence, ORS 183.482(8)(c). The facts are not disputed. Claimant works as a cook/cashier and was standing in the kitchen, as required by her work, when she fainted. She struck her face on the kitchen's brick floor and sustained damage to her teeth and face. SAIF Corporation (SAIF), employer's insurer, denied claimant's workers' compensation claim on the basis that her injury was not related to her employment. Claimant requested a hearing. She conceded that her fall was idiopathic, but argued that the hardness of the brick floor and employer's requirement that she stand at work contributed to her facial and dental injuries. Claimant relied on an explanation from a dentist who said that claimant would not have had the same amount of dental damage had she fallen on a carpeted floor rather than a brick floor. The administrative law judge (ALJ) agreed with claimant and ruled that her injuries involved an employment cause that combined with the personal cause to produce damage to claimant's teeth. SAIF appealed the ALJ's order to the board. The board reversed that order and concluded that claimant's injury did not "arise out of" her employment.

---

[1] As used in this context, "idiopathic" means "peculiar to the individual" and not "arising from an unknown cause." *Phil A. Livesley Co. v. Russ*, 296 Or 25, 27 n 1, 672 P2d 337 (1983) (internal quotations marks omitted). It refers to a claimant's preexisting physical weakness or disease that contributes to the accident. *Id.*

To provide context for claimant's arguments on judicial review, we pause to explain the relevant aspects of the workers' compensation law. For an injury to be compensable, the claimant must establish that an accidental injury "aris[es] out of and in the course of employment." ORS 656.005(7)(a). Whether an injury "aris[es] out of" and occurs "in the course of employment" concerns two prongs of a unitary "work-connection" inquiry that asks whether the relationship between the injury and employment has a sufficient nexus such that the injury should be compensable. *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596, 943 P2d 197 (1997). Both prongs must be satisfied to some degree; neither prong individually is dispositive to determine compensability. *Id.*

The first prong, injury "in the course of employment," relates to the "time, place, and circumstances of the employee's injury." *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526, 919 P2d 465 (1996). The second prong, injury that "arises out of" employment, requires a causal connection between the injury and employment. *Redman Industries, Inc. v. Lang*, 326 Or 32, 35, 943 P2d 208 (1997). An injury occurring at the claimant's place of employment is not sufficient to establish that causal connection. *Id.* Instead, the claimant "must show a causal link between the occurrence of the injury and a risk connected with his or her employment." *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 368-69, 867 P2d 1373 (1994). The Supreme Court has explained that all risks causing injury to a claimant will fall into three categories: (1) risks distinctly associated with employment; (2) risks personal to the claimant; and (3) neutral risks, those having no particular employment or personal character. *Phil A. Livesley Co. v. Russ*, 296 Or 25, 29-30, 672 P2d 337 (1983) (citing Arthur Larson, 1 *Workmen's Compensation Law* § 7.00, 3-11 (1978)). An injury arises out of employment when it is the product of either (1) "a risk connected with the nature of the work" or (2) "a risk to which the work environment exposed claimant." *Redman Industries*, 326 Or at 36.

Both claimant and SAIF agree that the first prong—injury in the course of employment—has been satisfied because claimant's injuries occurred at work while claimant

was performing her job. Accordingly, the only contested issue concerns the second prong, whether her injuries arose out of, and in connection with, her employment. As to that issue, the parties agree that the fall was idiopathic in nature and that the risk of the fall that led to claimant's injuries was personal to claimant, but the parties disagree as to whether any risk distinctly associated with claimant's employment was an additional cause of claimant's injuries.

Broadly speaking, SAIF contends on judicial review that the board correctly applied Oregon law in a case where the risk of the fall was personal to claimant and nothing about the work environment or the nature of the work increased the risk to claimant. However, citing Arthur Larson and Lex K. Larson, 1 *Larson's Workers' Compensation Law* § 9.00, 9-1 (2009), and decisions in other jurisdictions, claimant argues that, under the "mixed risk" doctrine, some injuries from personal risks do arise out of employment, either when the employment contributes to the risk or aggravates the injury. She contends that her work environment—specifically, the need to stand on a hard floor—both contributed to her risk of injury and aggravated her injuries and that the mixed-risk doctrine should be applied to allow compensability.

Under the "mixed risk" doctrine, a mixed risk occurs when "a personal cause and an employment cause combine to produce the harm." Larson and Larson, 1 *Larson's Workers' Compensation Law* § 4.04 at 4-3. Professor Larson explains that, if an employment risk was a contributing factor in causing the claimant's injury, "the concurrence of the personal cause will not defeat compensability." *Id*. Claimant contends that the board erred when it determined that the mixed-risk doctrine does not apply to idiopathic falls on level ground and that employer did not increase the risk of serious injury from her loss of consciousness. Claimant asserts that her injury did not arise solely from the fall, but was also caused by the impact against the floor. And because employer required her to stand while working and to stand on a hard floor, employer contributed to the risk of her aggravated injuries from the fall. Accordingly, she takes the position that, even though her idiopathic fall was partially a cause of her injury, employer-related risks contributed to

her injury, satisfying the "arising out of" employment prong under the mixed-risk doctrine.

The parties do not cite, and we have not found, appellate cases in Oregon announcing or applying the mixed-risk doctrine. Instead, under applicable Oregon law, we agree with SAIF and the board that idiopathic falls on level ground do not implicate the mixed-risk doctrine and are not compensable. We conclude that the reasoning of the Supreme Court in *Livesley* is controlling.

*Livesley* involved a claimant who was walking from his work station to the time clock to punch out after his shift when he inexplicably fell and broke his hip. 296 Or at 27. The claimant eliminated idiopathic causes of the fall. *Id.* at 30. On judicial review, the employer conceded that the fall was not idiopathic but nevertheless argued that an unexplained fall is noncompensable. *Id.* at 27. The Supreme Court agreed with this court that "*a fall due to idiopathic causes is not compensable*" but that "a truly unexplained fall that occurs on the employer's premises, during working hours, while the employee is performing required duties is compensable if the employee can eliminate idiopathic causes." *Id.* at 30 (emphasis added). The Supreme Court held that the claimant had satisfied the unitary work-connection test and that he had sustained a compensable injury by meeting his burden to eliminate personal risks as the cause of his fall. *Id.* at 32.

We then followed *Livesley* in *McAdams v. SAIF*, 66 Or App 415, 417, 674 P2d 80, *rev den*, 296 Or 638 (1984), when we denied compensation because there was no employment-related factor that contributed to the claimant's risk of injury. The claimant was standing on the floor of a pine mill, leaning against some cartons, when his supervisor left him alone for a few minutes. When the supervisor returned, the claimant was lying on the floor with his hands still in his pockets; he suffered a skull fracture from striking his head on the floor. *Id.* The claimant could not explain why he fell and there was nothing to indicate an accident leading up to the event. His doctors determined that the claimant had suffered a spontaneous fainting spell. *Id.* We affirmed the board's denial of compensation on the ground that the cause

of the injury was idiopathic, unlike the facts in *Livesley*. The employer had not contributed to the injury because there was no evidence that work-related conditions caused the claimant to faint and to sustain the head injury. *Id.* at 418. *McAdams* is also consistent with several other decisions of this court involving ground-level falls. *See Damis v. Cotter & Company*, 89 Or App 219, 748 P2d 166 (1988) (on *de novo* review, we held that the claimant's injury was not compensable because the claimant failed to establish that he fainted as a result of a risk of his employment); *MacKay v. SAIF*, 60 Or App 536, 654 P2d 1144 (1982), *rev den*, 296 Or 120 (1983) (the claimant's injury after her leg buckled and she fell was not compensable because it was equally possible that the cause of the fall was idiopathic rather than work related).

As in the *Livesley* line of cases, the dispositive fact here is the idiopathic nature of claimant's loss of consciousness. There was no evidence that work-related conditions caused or contributed to her fall, and claimant conceded that her fall was idiopathic. Thus, the mixed-risk doctrine on which claimant relies does not apply. Under *Livesley* and *McAdams*, claimant's injuries as a result of an idiopathic fall at ground level are not compensable.

We also reject claimant's contention that the board erred by failing to consider her working conditions—standing on a brick floor—as an increased danger that would trigger compensability. Our decision in *Marshall v. Bob Kimmel Trucking*, 109 Or App 101, 817 P2d 1346 (1991), is instructive. In *Marshall*, we concluded that the claimant's injury, although caused from his unexplained loss of consciousness, was compensable because the employer placed the claimant ina position of risk of serious injury after the claimant became unconscious. *Id.* at 104. The claimant fainted while driving a log truck for the employer and sustained injuries from the resulting crash. *Id.* at 103. We cited with approval Professor Larson's workers' compensation treatise concerning the so-called "increased danger" rule, and we explained that an injury due to a worker's idiopathic loss of faculties should be compensated when the employer places the worker in a position where "'the consequences of blacking out were

markedly more dangerous than if they had not been so employed.'" *Id*. at 104 (quoting Arthur Larson, 1 *Workmen's Compensation Law* § 12.12, 3-356 (1990)). In other words, we held that, even if a fainting episode is solely idiopathic, an injury may be compensable if the danger of serious injury was *greatly increased* by some employment-related factor.

In this case, claimant points to two employment-related factors: the hardness of the floor and the height of her fall due to the employer's requirement that she stand while working. As a matter of law, those two employment-related factors do not greatly increase the danger or seriousness of injury. *See Marshall*, 109 Or App at 103-04 (distinguishing *McAdams* and *Livesley* because the claimants' injuries in those cases "were caused solely by the impact of the claimant with the floor" whereas the claimant in *Marshall* was injured as a result of his driving a log truck and hitting the side of a mountain). Claimant's work environment, which required standing on a hard kitchen floor, is unlike situations where the employer has placed the worker in settings that may greatly increase the danger of injury, such as by requiring her to stand on a ladder or an elevated platform or to stand next to a dangerous object that would have caused severe injury had she fallen on it. Instead, she fell on level ground onto the floor. There was nothing special about the floor or the height from which she fell that greatly increased the danger of injury. Accordingly, we affirm the board's conclusion that the claimant's injury was not compensable.

Affirmed.