Argued and submitted on February 8, affirmed August 18, 2021

In the Matter of the Compensation of
Timothy W. Blankenship, Claimant.

SAIF CORPORATION
and Lane Transit District,
*Petitioners,*

*v.*

Timothy W. BLANKENSHIP,
*Respondent.*

Workers' Compensation Board
1800807; A172525

496 P3d 692

SAIF Corporation and employer Lane Transit District seek judicial review of an order of the Workers' Compensation Board holding that claimant suffered a compensable work injury when his prosthetic hip failed while he was standing in line to use a work computer to check out for a mandatory work break, because the injury was the result of a "mixed risk," in which a personal risk (claimant's preexisting trunnionosis) and an employment risk (moving about the workplace) together produced the harm. SAIF contends that the injury did not arise out of claimant's employment, because the risk of injury was personal to claimant and unrelated to his employment. *Held*: The mixed-risk doctrine provides an appropriate analysis when the medical evidence shows that an injury results in part from an employment-related risk and in part from a personal risk. The Court of Appeals held that substantial evidence supports the board's finding that claimant's injury was the result of a mixed risk, because the activity in which claimant was engaged at the time of his injury was work related, and that the board did not err in concluding that claimant's injury arose out of his employment.

Affirmed.

Beth Cupani argued the cause and filed the briefs for petitioners.

Dale C. Johnson argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

SAIF Corporation and employer Lane Transit District seek judicial review of an order of the Workers' Compensation Board holding that claimant suffered a compensable work injury, contending that the injury did not "arise out of" claimant's employment, because the risk of injury was personal to claimant and unrelated to his employment. We review the board's order pursuant to ORS 656.298(7) and ORS 183.482(8)(a) and (c) for errors of law and substantial evidence, conclude that the board did not err, and affirm.

Under circumstances not related to his employment, claimant, who works for employer as a public transportation mechanic, had a left-hip replacement and received a left hip prosthesis in 2010, with a surgical repair in 2012. In January 2018, claimant was standing in line at work to use a computer to "log out" for a scheduled work break, as required by employer. While standing in line, claimant moved his left foot behind him and rested the tip of his boot on the floor, "to relax it." Claimant immediately felt a click, pop, and rumbling in his left hip, followed by numbness in his leg and significant and persistent pain. Claimant thought that something was wrong and that he was going to pass out.

Claimant went to the hospital by ambulance, where claimant's treating orthopedic surgeon diagnosed a "fractured left total hip arthroplasty with displacement of the femoral shaft." Claimant underwent surgery for repair of the prosthesis. Claimant's doctor explained that claimant's prosthesis had failed as a result of claimant's leg movement combined with the preexisting degraded condition of the prosthesis (trunnionosis). The doctor expressed the opinion that claimant's leg movement was at least a material contributing cause of the failure of the prosthesis, and that the preexisting trunnionosis was also a contributing factor, because it caused a loosening of the connection between the ball and the stem/trunnion of the prosthesis.

SAIF denied claimant's claim for compensation, asserting that the injury did not arise out of the

employment.[1] An administrative law judge (ALJ) over-turned the denial, and the board affirmed the ALJ's order. SAIF and employer seek judicial review.

An injury is compensable if it arises out of and in the course of the employment. ORS 656.005(7)(a). It is undis-puted that claimant's injury occurred during the course of his employment. The only dispute is whether claimant's injury arose out of his employment. An injury "arises out of" the employment if it arises from the nature of the claimant's work or from a risk to which the work environment exposes the worker. *Fred Meyer, Inc., v. Hayes*, 325 Or 592, 598, 943 P2d 197 (1997).

Risks are generally categorized as employment-related risks, personal risks, or neutral risks. *Phil A. Livesley Co. v. Russ*, 296 Or 25, 29-30, 672 P2d 337 (1983). Employment-related risks are those that are inherent in the job. *SAIF Corp. v. Marin*, 139 Or App 518, 524, 913 P2d 336 (1996). Personal risks are risks that have no employment connection and that arise from conditions or circumstances that are personal to the worker. *Sheldon v. U. S. Bank*, 364 Or 831, 834, 441 P3d 210 (2019) ("Personal risks include a claimant's personal medical conditions, such as conditions that can lead to an idiopathic fall."); *Marin*, 139 Or App at 523-24. Neutral risks have no particular employment or personal character and are compensable if work conditions caused the claimant to be in a position to be injured. *Id.*; *see also Sheldon*, 364 Or at 834 (adhering to analysis).

Here, the board found that claimant's injury was caused by a "mixed risk," in which a personal risk (claim-ant's preexisting trunnionosis) and an employment risk (moving about the workplace) together produced the harm. *See Hamilton v. SAIF*, 256 Or App 256, 260, 302 P3d 1184, *rev den*, 354 Or 148 (2013) (describing mixed-risk doctrine); Arthur Larson and Lex K. Larson, 1 *Larson's Workers' Compensation Law* § 4.04, 4-3 (2017) (same). In such mixed-risk contexts, the board has held, an injury is considered to

---

[1] ORS 656.005(7)(a) provides that a compensable injury is:

"an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or result-ing in disability or death."

be caused by an employment risk if a risk of the employment contributed to its cause. *See, e.g.*, *Janet G. Cavalliere*, 66 Van Natta 228, 234 (2014) (recognizing the compensability of mixed-risk injuries). Under the mixed-risk doctrine,

> "the law does not weigh the relative importance of the two causes, nor does it look for primary and secondary causes; it merely inquires whether the employment was a contributing factor. If it was, the concurrence of the personal cause will not defeat compensability."

Larson, 1 *Larson's Workers' Compensation Law* § 4.04. We have not previously applied the mixed-risk doctrine, but we are persuaded that it provides an appropriate analysis in a case such as this. When an injury results at least in part from an employment-related risk, it arises out of the employment, even if a personal risk is also in play.

SAIF contends that claimant's injury did not arise out of the employment because claimant has not identified any risk of his employment associated with leg movement while standing in line—claimant's work did not require him to move his leg at that moment. We reject SAIF's contention that claimant's movement at the time of injury did not arise out of the employment because he was not engaged in a work activity. The board found that logging out for a mandatory work break was required by employer and therefore a part of claimant's employment. That finding is supported by substantial evidence.

In SAIF's view, it is essentially fortuitous that claimant's prosthesis failed at work, and that it could have failed anywhere claimant might have moved his leg in the particular way that he did. Thus, SAIF contends, claimant's injury arose from purely a personal risk, with no relation to the employment. It is true that claimant's injury could have happened anywhere and did not depend on the unique circumstances of claimant standing in line at work at the computer. But it did happen at work. And, contrary to SAIF's contention, movement about the work area in carrying out job duties is generally considered to be work-related. *See Wilson v. State Farm Ins.*, 326 Or 413, 417, 952 P2d 528 (1998) (describing "moving about the office" as a "work-related activity"). The board did not err in concluding that

claimant was engaged in a work activity at the time of his injury and that it was caused in part by a work-related risk.

The mixed-risk doctrine counsels that when an injury is caused in part by an employment risk, it arises out of the employment. Larson, 1 *Larson's Workers' Compensation Law* § 4.04. We conclude that the board did not err in determining that claimant's injury arose out of his employment and is therefore compensable.

Affirmed.