Argued and submitted March 12, affirmed April 21, 1980

In the Matter of the Compensation of
ALLBEE,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 78-7555, CA 15782)
609 P2d 920

Mark R. Bocci, Portland, argued the cause for petitioner. With him on the brief was Pippin and Bocci, Portland.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a Workers' Compensation case in which the sole issue is compensability of an injury plaintiff suffered on January 3, 1978, when he fell on the ice outside his employer's place of business. The referee found the claim to be compensable. The Workers' Compensation Board (Board) reversed, concluding from all of the evidence that the claimant's story as to where the injury occurred was not credible. We affirm.

Claimant, a 48 year old office manager and insurance claims handler, alleged he sustained an injury to his low back on January 3, 1978, when he slipped and fell on ice in the parking lot adjoining his employer's premises. Originally, the claim was accepted and benefits were paid to claimant. However, on September 13, 1978, the State Accident Insurance Fund issued a denial stating, in part, that it had information which lead it to believe that the claimant's condition did not arise out of or in the course of his employment.

The event of January 3, 1978, was apparently unwitnessed. According to the claimant's unrebutted testimony, the day was very snowy and icy and driving conditions were extremely hazardous. Claimant then lived in Dayton, Oregon, approximately 25 miles from his place of business. On the day in question he drove as far as Newberg, where he purchased a set of tire chains. Then, instead of putting the chains on, he merely placed them in the car and drove to his office in Portland. He arrived about 1:00 p.m. He went upstairs to his office and found that it was empty; apparently, none of the other employees had been able to get to work. Claimant made some phone calls and then, according to his testimony, went downstairs with the intention of putting the chains on his tires.

On the afternoon of January 3, Dr. Saunders from McMinnville examined claimant and diagnosed a concussion. The history he took of the injury was: "Fell, hitting back of head at work. Slipped on ice in a parking lot at his place of employment."

[1029]

The referee concluded that there was only one question of fact which must be decided to determine the compensibility of this claim, *i.e.,* did claimant fall on the parking lot or on the street outside the building? The referee found claimant's story to be inherently credible and supported by claimant's check in payment of the tire chains, his receipt from the service station for the installing of the chains on his tires, Dr. Saunder's report and the numerous statements given by the manager of the service station.

The Workers' Compensation Board reversed the referee, holding that the accident must have occurred some place other than the parking lot. It based its opinion on the deposition and other evidence obtained from the service station manager, who had said he had seen claimant fall on the street.

Claimant testified that he slipped and fell on the ice in the parking lot, injuring his head and back. He testified that he then phoned a nearby service station, requesting that someone be sent out to put chains on his tires. The manager responded and drove the car to the service station where he put on the chains. After claimant had fallen, he was helped into the building by two men who later could neither be identified nor found, although they apparently were from the Marine Recruiting Office located in the same building as is the employer's office.

On de novo review, we agree with the Board, but for a different reason. Even if claimant fell in the parking lot—and, as we view the evidence, it is more probable that he fell in the street—the issue in any event is whether the accident occurred within the scope and course of his employment.

We hold it did not. The evidence establishes only that the claimant left his office to put chains on his car, fell, received aid, had chains put on his car and went home. So far as this record shows, he was not only on a personal mission but had also left work for the rest of the day. The accident did not occur within

the scope and course of claimant's employment. *See Barker v. Wagner Mining Equip.,* 6 Or App 275, 487 P2d 1162 (1971).

Affirmed.