Argued and submitted May 24, affirmed July 12, 1989

In the Matter of the Compensation of
D. E. Rodriguez, Claimant.
LIBERTY NORTHWEST INSURANCE
CORPORATION et al,
*Petitioners,*

*v.*

RODRIGUEZ,
*Respondent.*

(WCB 86-16114; CA A50160)

776 P2d 588

David O. Wilson, Eugene, argued the cause for petitioners. With him on the brief was E. Jay Perry, Eugene.

Marilyn K. Odell, Eugene, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Employer seeks review of a Board order affirming the referee's order, which concluded that claimant's injuries were incurred in the course of employment and therefore are compensable. We review for errors of law and substantial evidence and affirm. *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988).

The referee found that claimant was injured when he slipped and fell in employer's parking lot while leaving the premises after having been fired. Claimant was following his normal route from the premises to his bus stop. He fell when he attempted to sidestep a puddle on his path. The parking lot was adjacent to employer's building, and employer was responsible for maintaining it.

The referee concluded that, because claimant was in the process of leaving employer's premises at the direction of employer when he was injured, he was still under the direction and control of employer. The referee also determined that, because claimant slipped and fell while leaving work in a parking lot which employer had a duty to maintain, the claim is compensable under *Montgomery Ward v. Malinen,* 71 Or App 457, 692 P2d 694 (1984). The Board added a finding that claimant had gathered his belongings and left the building immediately after his termination. It affirmed the referee, relying on 1A Larson, *Workmen's Compensation Law* 5-285 § 26.10., which states:

> "Injuries incurred by an employee while leaving the premises * * * within a reasonable time after termination of the employment are within the course of employment * * *."

Employer argues that the Board's adoption of the quoted rule conflicts with the "course of employment" test articulated in *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980). The *Rogers* test is whether there is a sufficient relationship between the injury and the employment so that the injury should be compensated. *Rogers v. SAIF, supra,* 289 Or at 642. We see no conflict between the two approaches under the facts here. The Board found that claimant left immediately after his discharge. The Board also found that claimant was under employer's direction to leave the premises and was leaving them when the injuries occurred. Those are significant factors

in finding compensability under the *Rogers* analysis. *See, e.g., Halfman v. SAIF*, 49 Or App 23, 28, 618 P2d 1294 (1980). Employer has abandoned its contention that the Board's findings were not supported by substantial evidence.

Affirmed.