Argued and submitted December 17, 1991, reversed and remanded for
reconsideration April 22, reconsideration denied July 1, petition for review denied
July 21, 1992 (313 Or 627)

In the Matter of the Compensation of
Martha A. Benefiel, Claimant.

Martha A. BENEFIEL,
*Petitioner,*

*v.*

WAREMART, INC.,
and Liberty Northwest Insurance Corporation,
*Respondents.*

(90-06226; CA A70262)

829 P2d 736

Robert J. Miller, Sr., Beaverton, argued the cause for petitioner. With him on the brief was Moomaw, Miller & Reel, Beaverton.

M. Kathryn Olney, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

Buttler, P. J., dissenting.

## ROSSMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's determination that her knee injury is not compensable. The evidence is undisputed that claimant fainted and fell at work while checking groceries. The Board found that claimant had failed to meet her burden of showing that the fall was work-related and was not caused solely by a condition personal to claimant. We reverse and remand.

Claimant testified that she had stayed home from work for two days because she had the flu.[1] On the day of the injury, she requested permission to take another day off to recover, but her supervisor said that he would "really appreciate it if [she] could make it in," because the store was short on employees. She testified that she went to work in a weakened state because of the flu and that her condition intensified as the day went on. She also stated that the work was hectic and stressful and that she was working two cash registers at the same time. She described how she became nauseated and light-headed and called her supervisor, asking to be relieved.[2] The supervisor arrived and helped the customer at claimant's second register. Claimant then collapsed to the floor on her knees. The supervisor testified that he continued to help the customer at claimant's register and, when he saw that claimant was too dizzy to get up by herself, he called another employee to help her to the employees' room. After that day, claimant's right knee continued to hurt, and it eventually required surgery.

■■    A compensable injury is "an accidental injury * * * arising out of and in the course of employment." ORS 656.005(7)(a). A work-related injury is compensable, even if it

---

[1] In oral argument, counsel for employer conceded that claimant's ailment was not a complex medical condition that required expert testimony to establish it in the record. Therefore, claimant was competent to testify at the hearing about how her condition impaired her ability to perform her job. *See Uris v. Compensation Department*, 247 Or 420, 427, 427 P2d 753 (1967).

[2] Specifically, claimant testified:

"It was really, really busy that day. I — like I said, I ran two checkstands, and with the — we had them lining up, and I was going as fast as I could go, and I started feeling a little nauseated, kind of lightheaded, and so I called * * * my boss at the time, on the intercom, and I said, I'm feel [sic] kind of nauseated, a little dizzy; can you please come get me out of the checkstand?"

is otherwise unexplained. *See Phil A. Livesley Co. v. Russ*, 296 Or 25, 30, 672 P2d 337 (1983). However, the fact that an employee is injured on the premises during working hours does not by itself establish a compensable injury. A claimant must show a causal link between the injury and the employment. 296 Or at 29.

■ Both the Board and the dissent contend that claimant did not establish that her injury was work-related, because the fall was unexplained. Nothing is unexplained. Claimant, who had asked to take the day off because of illness, was summoned to work by her employer, who knew that she was ill. She went to work in a weakened physical condition and was required to perform stressful work activities. The fact that she fell at work was not merely fortuitous. There is no evidence to support the Board's finding that claimant's work did not contribute to her injury.

Reversed and remanded for reconsideration.

**BUTTLER, P. J.,** dissenting.

Because the Board's findings are supported by the evidence and those findings support the Board's conclusion, I would affirm.

Claimant had worked for employer for about 4 years as a checker. Some days were busier than others, and the day of her injury was a busy day. Checkers were entitled to a 10-minute break after 2 hours of work; on the day in question, claimant had worked for 2 hours, had had her 10-minute break and had returned to her check stand when she became nauseated and dizzy and then fainted.

The Board made these findings:

"Claimant, a grocery checker, stayed home from work with her ill daughter on January 7, 1990. On January 8, 1990, claimant became ill with the flu. She was also ill on January 9, 1990. Claimant returned to work on January 10, 1990.

"On January 10, 1990, while working her two check stands, claimant became light headed, nauseated and dizzy. She called her supervisor on the intercom and asked to be relieved. The supervisor entered her work area and helped the customer waiting at claimant's second register. Claimant was in the process of taking a check from her customer when

she began to faint. Claimant slid down between the two cash registers and blacked out about one foot from the floor. She fell to the floor with her weight on her knees. The supervisor called another worker to help claimant. Claimant was taken to the break room, then to the bathroom where she vomited. She was then driven home. The following day, claimant's right knee hurt. The more she moved, the more it hurt.

"* * * * *

"On January 10, 1990, claimant fainted at work. When she fell, she injured her right knee.

"Claimant's fainting was not due to her work."

The Board then correctly stated that claimant has the burden of proving by a preponderance of the evidence that her fall occurred during the course of her employment and was not caused by idiopathic factors. *Phil A. Livesley Co. v. Russ*, 296 Or 25, 672 P2d 337 (1983); *McAdams v. SAIF*, 66 Or App 415, 674 P2d 80, *rev den* 296 Or 638 (1984). It said that the mere fact that she fell when she fainted at work did not establish a compensable claim, because the cause of her fainting was not explained. Claimant *argued* that her injury is compensable because she was in a weakened condition because of the flu, that her work was stressful that day and that exertion caused her to fall, but the Board did not accept that argument, because the evidence did not support it.

The Board concluded that it could not infer that she fainted as a result of a work-related but unexplained cause; therefore, the injury is not compensable. Claimant simply fainted when she went to work in a weakened condition caused by the flu.

Because I cannot say that the Board erred as a matter of law, I would affirm.