Argued and submitted July 1, 1991; resubmitted In Banc August 5, reversed and remanded September 16, 1992

In the Matter of the Compensation of
Clairrean Boyd, Claimant.

Clairrean BOYD,
*Petitioner,*

*v.*

SAIF CORPORATION
and Discovery Plastics,
*Respondents.*

(WCB 89-16057; CA A68060)

837 P2d 556

Roger Ousey, Eugene, argued the cause for petitioner. With him on the brief were Michael Strooband and Bischoff & Strooband, P.C., Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

DEITS, J.

Richardson, J., dissenting.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board finding that her injury was not compensable. The Board adopted the referee's opinion. We reverse and remand.

After leaving work at the end of her shift, claimant went to her car, which was parked in employer's parking lot adjacent to claimant's work place. The parking lot was provided for employees, and claimant had been instructed to park there. When she started to get into her car, her knee twisted, she heard a popping noise and experienced immediate pain. She has had surgery and suffers some permanent impairment.

■ Claimant filed a claim on two bases: First, her disability was an occupational disease caused by the repetitive pivoting from side to side required by her job as a fabricator; and second, the twisting of her knee in the parking lot was an injury that occurred in the course and scope of her employment. SAIF denied the claim on both theories, and the Board upheld SAIF's denials.

The Board rejected the occupational disease claim on the basis of a medical opinion. Claimant contends that the Board's conclusion is not supported by substantial evidence. There were conflicting medical opinions about the genesis of claimant's disability, and the Board's selection of one as opposed to the other was not error. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988).

■ Claimant's second assignment of error is that the Board erred in concluding that her injury was not sufficiently work related to be compensable. The Board adopted the referee's order, which said:

"I find the only connection between the injury and claimant's work was that the injury happened on the employer's parking lot. I do not find that to be sufficiently connected to claimant's work that it should be compensable under the statute."

Oregon follows the "going and coming rule" or limitation, which provides that injuries sustained while going to and from work are not compensable. *Cope v. West American*

*Ins. Co.*, 309 Or 232, 237, 785 P2d 1050 (1990). However, as noted by the court in *Cope*, one of the exceptions to the rule is when the injury occurs on the employer's premises, including an employee parking lot. 309 Or at 238.

> "Oregon cases have uniformly held that injuries that occur in parking lots that are owned or maintained by the employer arise out of and in the course of employment and are compensable. If the injury occurs in a parking lot or other off-premises area over which the employer has no control, it is generally not compensable." *Montgomery Ward v. Cutter*, 64 Or App 759, 762, 669 P2d 1181 (1983). (Citations omitted.)

SAIF argues that because claimant was injured while getting into her car, as opposed to being injured while crossing the lot, or tripping over something in the lot, her injury is not sufficiently work related to be compensable. However, as explained in *Cope*, employer control of the property is the rationale supporting the parking lot exception. The fact that an injury occurs on employer-controlled premises while the employee is traveling to and from work makes the incident sufficiently work connected.

> "[W]hen an employee *traveling to or from work* sustains an injury on or near the employer's premises, there is a 'sufficient work relationship' between the injury and the employment only if the employer exercises some 'control' over the place where the injury is sustained. Whether the requisite control is evinced by increased, employer-created hazards * * * or by the employer's property rights to be the area where the injury is sustained * * * is immaterial. *Some form of employer control of the area demonstrates the work-connection necessary to make the injury compensable.*" *Cope v. West American Ins. Co., supra*, 309 Or at 239. (Emphasis supplied; citations omitted.)

In this case, employer's control over the parking lot, its instructions to its employees to park there and the fact that claimant was on her way home from work establish the work-connection. *See Liberty Northwest Insurance Corp. v. Rodriguez*, 97 Or App 500, 776 P2d 588 (1989). We recognize that not all injuries that occur on employer premises are necessarily work-connected and, therefore, compensable. Circumstances may show that the work-connection has been broken. If it is shown that a claimant was engaged in activity

of a personal nature, the injury may not be sufficiently work-connected. For example, in *Albee v. SAIF*, 45 Or App 1027, 1030, 609 P2d 920 (1980), we held that a claimant who slipped and fell while putting chains on his tires, even though he was in his employer's parking lot, was acting outside the course and scope of employment, because he had left work for the day and was putting chains on for personal benefit. Here, claimant's act of getting into her car at the end of her work shift was not of such a personal nature as to break the work-connection. We conclude that the Board erred in denying the compensability of claimant's injury on the basis that it was not within the course and scope of her employment.

Reversed and remanded.

**RICHARDSON, J.,** dissenting.

I agree with the majority that the Board properly rejected claimant's occupational disease claim. Contrary to the majority, I think that the Board also properly rejected her injury claim.

The majority says:

"[A]s explained in *Cope [v. West American Ins. Co.*, 309 Or 232, 785 P2d 1050 (1990)], employer control of the property is the rationale supporting the parking lot exception. The fact that an injury occurs on employer controlled premises while the employee is traveling to and from work makes the incident sufficiently work connected." 115 Or App at 244.

There is language in *Cope* to support that conclusion. However, the Supreme Court's statement of the rule must be evaluated in the light of the facts and the ultimate holding. The plaintiff worked for a lumber company and was allowed to park her car in the employee parking lot owned by her employer. The lot was across a public street from her workplace. She parked her vehicle in the lot and began walking across the parking lot to her workplace. Near the edge of the lot, bordered by a public sidewalk, she was struck by another employee's car and injured. She eventually sought underinsured benefits from her liability carrier, the defendant. Those benefits were not available to her if her injury was compensable under the Worker's Compensation Act. The pivotal inquiry was whether she was injured on the parking lot and, if

not, whether her injuries were nevertheless compensable because she was on her way to work.

The court discussed, at length, the "parking lot" exception to the "going and coming" limitation on workers' compensation coverage.[1] The majority has extracted some of the statements that the court made. The Supreme Court seems to have concluded that, if the employer controlled the parking lot where the employee was injured while in transit to or from work, that was a sufficient work connection for compensability. However, I doubt that, by that statement, the court intended to foreclose other traditional inquiries about whether the injury arose out of and in the course of employment. *Phil A. Livesley Co. v. Russ*, 296 Or 25, 672 P2d 337 (1983); *Benefiel v. Waremart, Inc.*, 112 Or App 480, 829 P2d 736, *rev den* 313 Or 627 (1992). That the employer controls the parking lot, in essence, makes the lot part of the employer's premises, but the fact that the injury occurred on the premises does not necessarily mean that it arose out of and in the course of employment. In other words, the injury must have some connection with the work, not just the workplace.

For example, in *Otto v. Moak Chevrolet*, 36 Or App 149, 583 P2d 594 (1978), *rev den* 285 Or 319 (1979), we concluded that the claimant's injury was not compensable. The parties stipulated the facts:

> "The injury occurred when claimant went to the women's restroom on the employer's premises, relieved herself and, while she was pulling her [underwear and slacks] back up in an ordinary manner, her back went out, i.e., she was suddenly afflicted with pain in the low back * * *." 36 Or App at 151. (Brackets in original.)

We held that the injury did not arise out of any risk of the claimant's employment.

In *Allbee v. SAIF*, 45 Or App 1027, 609 P2d 920 (1980), the claimant fell on the ice and was injured in the employer's parking lot while getting tire chains on his car. We

---

[1] The dispositional holding was that there was an issue of fact as to whether plaintiff was on the parking lot or the public sidewalk when she was injured and so the summary judgment was in error. The court did not have to decide whether, if the plaintiff was injured on the parking lot, the injury also arose out of her employment.

held that, even if he fell in the parking lot, his injury was not compensable, because he had left work and was on a personal mission. Consequently, the injury did not arise out of the employment.

The majority distinguishes *Allbee* by noting that the claimant there "was acting outside the course and scope of employment, because he had left work for the day and was putting chains on [his car] for personal benefit." 115 Or App at 245. Here, the majority finds, the claimant's "act of getting into her car at the end of her work shift was not of such a personal nature as to break the work-connection." 115 Or App at 245. I fail to see the difference between walking across an icy parking lot to get chains put on a car and getting into a car to go home. The only work connection of claimant's injury is that it occurred on a parking lot controlled by her employer. She had left work for the day and was on her way home, and no hazard of the parking lot or a risk of employment precipitated the injury. Her knee twisted and popped as she got into her car. I dissent.

Joseph, C. J., and Warren and De Muniz, JJ., join in this dissent.