Argued and submitted April 29, 1997, decision of the Court of Appeals and order of the Workers' Compensation Board reversed; case remanded to the Workers' Compensation Board for further proceedings February 12, 1998

## In the Matter of the Compensation of Donna M. Wilson, Claimant.

### Donna M. WILSON, *Petitioner on Review,*

*v.*

### STATE FARM INSURANCE and James A. Dederer, CPA, *Respondents on Review.*

(WCB 94-10507; CA A90709; SC S43841)

952 P2d 528

G. Duff Bloom, of Coons, Cole, Cary & Wing, P.C., Eugene, argued the cause and filed the petition for petitioner on review.

Kenneth L. Kleinsmith, of Meyers, Radler, Replogle & Bohy, Tigard, argued the cause and filed the brief for respondents on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, Durham and Kulongoski, Justices.**

VAN HOOMISSEN, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision.

## VAN HOOMISSEN, J.

In this case, we review the compensability under the Workers' Compensation Law of an injury incurred by claimant when she "skip-stepped" around a corner within her workplace. The Workers' Compensation Board (Board) denied compensation on the ground that claimant's injury did not "arise out of" claimant's employment. ORS 656.005-(7)(a).[1] The Court of Appeals affirmed without opinion. *Wilson v. State Farm Ins.*, 142 Or App 205, 920 P2d 181 (1996). The sole issue presented is whether claimant's injury arose out of her employment. We review for errors of law. ORS 183.482(8)(a). For the reasons that follow, we reverse and remand to the Board for further proceedings.

At the time of her injury, claimant was employed as a secretary for a certified public accountant (employer). Shortly before the end of her workday on a Friday afternoon, she asked her employer if she could leave work early. Her employer told her that she could leave early, after she transferred the office telephone to the answering service. As claimant walked from her employer's office to her work area, she "skip-stepped" around a corner.[2] In doing so, she tore her Achilles tendon, an injury requiring medical attention.

Claimant sought workers' compensation coverage for her injury. Employer's insurer denied the claim. An administrative law judge (ALJ) found that skipping was not an integral part of claimant's job and that skipping was not a risk connected with her employment. The ALJ further found that claimant's injury occurred independently of any physical conditions at work. The ALJ, therefore, concluded that claimant's injury did not "arise out of" her employment.

The Board, with one member dissenting, affirmed, concluding that claimant's injury did not result from an act

---

[1] ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment[.]"

[2] The term "skip-step" originates from claimant's description of the injury before the administrative law judge. She described the "skip-step" as similar to a "little stutter step" that one might take when realizing that there is not enough room to take two steps.

that was an ordinary risk of, or incidental to, her employment and, therefore, did not "arise out of" her employment. Accordingly, the Board held that claimant had failed to establish that her injury was compensable.[3]

On review, claimant argues that her injury arose out of her employment, because moving about in the workplace involves certain inherent work-related risks and "skip-stepping" around a corner was not so unusual as to take her injury outside the realm of work-related injuries.

■■ For an injury to be compensable under the Workers' Compensation Law, it must "arise out of" and occur "in the course of" employment. ORS 656.005(7)(a); *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596, 943 P2d 197 (1997). Employer does not dispute that claimant was "in the course of" her employment at the time of her injury. Thus, the sole issue presented is whether claimant's injury "arose out of" her employment. "That inquiry tests the causal connection between the claimant's injury and a risk connected with her employment." *Fred Meyer*, 325 Or at 601 (citations omitted). In *Redman Industries, Inc. v. Lang*, 326 Or 32, 35-36, 943 P2d 208 (1997), this court stated:

"In prior cases interpreting ORS 656.005(7)(a), this court has held that the inquiry into whether an injury 'arises out of employment' tests the causal connection between the injury and the employment. A causal connection requires more than a mere showing that the injury occurred at the workplace and during working hours. A causal connection must be linked to a risk connected with the nature of the work or a risk to which the work environment exposed claimant.

"In some jurisdictions, courts have required not only that an injury be linked to a risk connected with employment, but also that the risk be 'peculiar to the employment' or that the employment 'increase[ ] the risk of injury.' However, this court has 'rejected "the largely obsolete 'peculiar-risk' and 'increased-risk' considerations"' in assessing

---

[3] The Board stated in its order that "the record does not persuasively establish that claimant was returning to her office to transfer the phones to the answering service." However, the Board affirmatively found that claimant was "on the way to her office" at the time of her injury. There is no evidence in the record that claimant's return to her office was anything other than work connected.

whether a worker's injury was linked to a risk connected with employment.' " (Citations omitted.)

■ Claimant's possible negligence in maneuvering around the corner is irrelevant. Workers' compensation is a no-fault system that compensates a worker for injuries that arise out of and occur in the course of the worker's employment. One objective of the Workers' Compensation Law is to provide, *regardless of fault*, sure, prompt, and complete medical treatment for injured workers. *See* ORS 656.012(2)(a) (so stating); *see also Andrews v. Tektronix, Inc.*, 323 Or 154, 159-60, 915 P2d 972 (same); *Clark v. U.S. Plywood*, 288 Or 255, 259, 605 P2d 265 (1980) ("Contributory fault or contributory negligence is no defense to a claim for compensation benefits, unless due to 'the deliberate intention of the worker.' ORS 656.156(1).").

The Board reasoned:

"Here, claimant was injured when she skipped around a corner at work. Other than the injury occurring on the employer's premises, we find no risk connected with claimant's employment. The employer did not contemplate or expect claimant to skip around the corner nor had he seen claimant skip in the office. Skipping was not the usual means for claimant to go to her office. The decision to skip was claimant's, not the employer's. Other than the fact that claimant was 'happy' because she could leave work early, there was no condition associated with her work to cause the injury." (Footnotes omitted.)

In a footnote, the Board stated:

"Claimant argues that 'locomoting' herself within the office to perform a specific job duty is within the ambit of conditions of employment. Perhaps, if claimant had used her usual means of ambulation, we may have agreed."

We find nothing in the Workers' Compensation Law, or in any of this court's cases interpreting it, to support the Board's underlying premise, *viz.*, that injuries are not compensable if the worker's method of carrying out a work-related activity—here, moving about the office during working hours while completing a work shift—is not a "usual" means of doing so. In *Clark*, 288 Or at 261, this court stated:

"Injuries sustained by a worker in doing the appointed task are normally compensable, absent self-inflicted injury. Contributory fault of the employee is no defense."

■     The fact that the employer did not contemplate or expect claimant to "skip-step" around the corner as she was walking to her work area does not undermine compensability. Certainly, employers cannot contemplate or expect every unusual means that a worker may use to accomplish various work-related tasks. For example, in *Andrews*, 323 Or at 163, the employer argued that, by disobeying the employer's instruction to avoid lifting heavy objects, the worker lost his entitlement to compensation. This court rejected that reasoning, stating:

"[F]or purposes of determining whether a claimant's injury is *compensable*, his or her status as a worker does not depend on demonstrable submission to the employer's right of direction and control at the precise moment in time that the injury was sustained. This court's opinions on the issue of at-work 'horseplay' are a case in point: Employees who engage in on-the-job horseplay can hardly be said to be subject to the direction and control of their employers for the period of time that they are so engaged, yet injuries sustained in the course of horseplay may nevertheless be deemed to 'arise out of and in the course of employment.'" *Ibid.* (emphasis in original; citation omitted).

If an injury resulting from a *prohibited* method of accomplishing a task is compensable, *a fortiori*, an injury resulting only from an *unusual* method of doing so generally is compensable. In short, the fact that employer did not contemplate or expect claimant's precise method of rounding the corner as she returned to her office does not render her resulting injury noncompensable.

■     We conclude that claimant has satisfied the "arising out of" prong of the work-connection test by showing a causal link between her injury and her work. The "in the course of" prong was uncontested. Thus, claimant demonstrated her entitlement to compensation.

The decision of the Court of Appeals and the order of the Workers' Compensation Board are reversed. The case is remanded to the Workers' Compensation Board for further proceedings.