In the Matter of the Compensation of
Clifton R. Roberts, Claimant.

Clifton R. ROBERTS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Butler Ford, Inc.,
*Respondents.*

02-07221; A122465

102 P3d 752

Robert F. Webber argued the cause for petitioner. On the opening brief were Robert L. Chapman and Black, Chapman, Webber, Stevens & Petersen. On the reply brief was Arthur W. Stevens III.

David L. Runner argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Neufeld, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the board erred in holding that his injury is not compensable because it occurred during a recreational activity excluded from coverage under ORS 656.005(7)(b)(B). We affirm.

The parties stipulated to the facts, the administrative law judge (ALJ) made findings in accordance with the stipulation, and the board adopted the ALJ's findings. Claimant, a car salesperson, took a brief spin around employer's car lot on a coworker's motorcycle, during work hours but during a "down time," when no customers were present. Two other employees took a ride on the bike that same day. Claimant was injured when he pulled the motorcycle back into a parking space, and the bike was struck by one of employer's vehicles being driven by a coworker. Employer considers salespeople to be working when they are on the premises. Claimant had no regularly scheduled breaks and could leave the premises only with employer's permission. Although salespeople are encouraged to stay busy at their desks when no customers are present, claimant was not specifically prohibited by his supervisor from riding the motorcycle. Claimant testified that there was no work purpose in riding the motorcycle and that the ride was purely for pleasure. The board held that claimant's injury occurred during a "recreational activity" and is excluded from coverage under ORS 656.005(7)(b)(B). Claimant seeks judicial review of that decision. The only question on review is whether the statute applies to the undisputed facts.

The question of the compensability of an injury sustained during a recreational or social activity has typically arisen in the context of cases involving off-the-job group recreational or social activities such as picnics, office parties, or organized or spontaneous sports or games. *See, e.g., Colvin v. Industrial Indemnity*, 83 Or App 73, 730 P2d 585 (1986) (law firm picnic); *Rose v. Argonaut Ins. Co.*, 77 Or App 167, 711 P2d 218 (1985) (softball game); *Richmond v. SAIF*, 58 Or App 354, 648 P2d 370, *rev den*, 293 Or 634 (1982) (benefit basketball game). Before 1987, we analyzed those cases under the two-pronged "arising out of and in the course of employment"

test for compensability set forth in *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980). In making our evaluation, we consulted Professor Larson's treatise on workers' compensation law, considering such factors as the location of the recreational activity, whether on or off the employer's premises; the time of the activity, during, before, or after work hours; the employer's initiative in organizing the activity; the employer's contribution to the activity; and the quality and type of benefit derived by the employer. *See Richmond*, 58 Or App at 357.

■■　　In 1987, the legislature enacted the provision, now codified at ORS 656.005(7)(b)(B), which excludes from the definition of compensable injury an "injury incurred *while engaging in or performing, or as a result of engaging in or performing, any recreational or social activities* primarily for the worker's personal pleasure." (Emphasis added.) We address whether an injury is excluded from coverage under ORS 656.005(7)(b)(B) before considering whether the injury arises out of or in the course of the employment. *Liberty Northwest Ins. Corp. v. Nichols*, 186 Or App 664, 667, 64 P3d 1152 (2003), citing *Andrews v. Tekronix, Inc.*, 323 Or 154, 160-61 n 1, 915 P2d 972 (1996). If the injury occurred during a social or recreational activity primarily for the worker's personal pleasure, it is *per se* noncompensable. If it did not occur during such an activity, it must still pass the "arising out of and in the course of employment" test. Thus, only after we have concluded that an injury was not suffered while engaging in a recreational or social activity primarily for the worker's personal pleasure do we consider whether the injury arose out of and in the course of the employment. *Nichols*, 186 Or App at 667.

　　　　Here, it is undisputed that claimant rode the coworker's motorcycle primarily for personal pleasure. There is no contention that claimant's activity of riding the motorcycle was "social." The only question is whether, as a matter of law, claimant was injured while engaging in a "recreational activity" excluded from coverage under ORS 656.005(7)(b)(B).

■　　　The phrase "recreational activity" is not defined in the statutes; accordingly, we seek to determine its plain, natural, and ordinary meaning. The word "recreational" means

"of or relating to recreation." *Webster's Third New Int'l Dictionary* 1899 (unabridged ed 1993). "Recreation" means "the act of recreating or state of being recreated : refreshment of the strength and spirits after toil : DIVERSION, PLAY * * * a means of getting diversion or entertainment * * *[.]" *Id.* The word "activity" means "an occupation, pursuit, or recreation in which a person is active—often used in pl. ‹business *activities*› ‹social activities› * * *[.]" *Id.* at 22. Based on the common meaning of the phrase "recreational activities," we conclude that riding the motorcycle was a recreational activity. The remaining question is whether claimant's injury was incurred while engaging in or performing, or as a result of engaging in or performing, any recreational activity.

■      Since the enactment of ORS 656.005(7)(b)(B), we have on two occasions considered whether injuries suffered while working were incurred during recreational activities. In *Kaiel v. Cultural Homestay Institute*, 129 Or App 471, 478, 879 P2d 1319, *rev den*, 320 Or 453 (1994), the claimant injured a finger on a carnival ride while supervising a group of students. We held that the injury was not excluded from coverage because, simultaneously with enjoying the carnival ride, the claimant was performing duties that were a part of her job. In *Nichols*, the claimant ate a piece of candy at work and broke a tooth. In upholding the compensability of the claim, we considered dispositive the fact that, at the time of the injury, the claimant was working. We held that the claimant was primarily engaged in work activities and that the pleasurable activity of eating candy was merely incidental to work. 186 Or App at 669. We said in a footnote that "the 'activity' the statute refers to is not the particular action that causes the injury * * *, but the activity within which that action occurs (working or not working)." *Id.* at 670 n 4.[1] The legal point to be drawn from *Kaiel* and *Nichols* is that

---

[1] In *Nichols*, we also examined the legislative history of ORS 656.005(7)(b)(B) and considered helpful the comments of Senator Larry Hill, chair of the Senate Committee on Labor:

"My feeling on offering this amendment is to indicate that we're not talking about something that the worker may be engaged in which is actually a part or within the scope of employment. For instance, a working lunch in which the worker is eating and may find pleasure in the experience of eating salmon or something and may choke on a salmon bone and therefore incurs a compensable injury.

an injury is not excluded from coverage under ORS 656.005(7)(b)(B) if the worker is primarily engaged in work activities at the time of the injury.

■ From the cases, claimant draws the conclusion that recreational activities that occur on the job are always incidental to the primary activity of working and that, although he enjoyed a brief diversion of riding the motorcycle, work was claimant's primary activity at the time of the injury. We reject that contention. The exclusion in ORS 656.005(7)(b)(B) applies to an injury incurred "while engaging in or performing" any recreational activity. The word "engaged" means "occupied, employed." *Webster's* at 751. The word "performing" means to carry out or accomplish. *Id.* at 1678. The word "any" means "one, no matter what one" or "one or some of whatever kind or sort[.]" *Id.* at 97. The word "any" suggests that "recreational activities" as used in the statute are not limited to recreational activities engaged in or performed off the job. Thus, it is logical to conclude that engaging in or performing recreational activities on the job falls within the scope of the exclusion. As we have said, an "activity" is "an occupation, pursuit, or recreation *in which a person is active.*" *Id.* at 22 (emphasis added). Here, the activity in which claimant was active at the time of the injury was riding a motorcycle. That activity was recreational and, as claimant concedes, purely for pleasure. In contrast with *Kaiel* and *Nichols*, claimant was not also engaged in work activity at the time of his injury. We agree with the board's conclusion that, at the time of the injury, the activity in which claimant was engaged was recreational and primarily for his personal pleasure. We therefore affirm the board's holding that claimant's injury is excluded from workers' compensation coverage under ORS 656.005(7)(b)(B).

Affirmed.

---

"What we're trying to get at are those recreational or social activities that are not part of the work, that are performed solely for the worker's personal pleasure."

Tape Recording, Senate Committee on Labor, HB 2271, June 8, 1987, Tape 201, Side A (statement of Sen Hill). ORS 656.005(7)(b)(B) was amended in 1990 to substitute "primarily" for "solely." Or Laws 1990, ch 2, § 3.