Argued and submitted August 22, 2007, reversed and remanded for
reconsideration March 19, 2008

In the Matter of the Compensation of
Kaleiokalani Barela, Claimant.

WASHINGTON GROUP INTERNATIONAL,
*Petitioner,*

*v.*

Kaleiokalani BARELA,
*Respondent.*

Workers' Compensation Board
0502983; A133870

180 P3d 107

Norman Cole argued the cause for petitioner. With him on
the briefs were Deborah L. Sather and Sather, Byerly &
Holloway.

R. Adian Martin argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant injured his foot when, during an unpaid lunch break, he assisted a coworker in jostling a vending machine to dislodge a candy bar that had been purchased by another person. Employer denied claimant's workers' compensation claim for the foot injury on the ground that the injury arose from a noncompensable social activity and, in any event, did not arise out of or in the scope of employment. The Workers' Compensation Board (board) set aside the denial and ordered employer's workers' compensation coverage provider, Washington Group International (WGI), to provide coverage for the injury. WGI seeks review of the board's order. We agree with WGI that the board erred in its analysis of whether the injury arose from a noncompensable social activity, and therefore reverse and remand for reconsideration.

The relevant facts are undisputed. Claimant worked in a high security area of the Umatilla Army Depot as a senior maintenance mechanic. Although claimant is not required by employer to stay on the work site during his breaks, because of the distance from the work site to outside eating choices, claimant and his coworkers generally took their lunch breaks as a group in one of the lunch rooms. The lunch rooms contained vending machines that provided candy and soda. The machines were serviced by their vendors, not employer. Claimant had no responsibility to repair them.

Claimant had just completed a 30-minute unpaid lunch break in one of employer's lunch rooms when a coworker, Nick, asked claimant if he could help dislodge a candy bar from one of the vending machines. Nick had been attempting to help another person—who may or may not have been an employee—dislodge the candy bar, but to no avail. Claimant attempted to help by pushing and pulling the machine. When that did not work, claimant attempted to rock the machine back and forth on its legs. When he did that, he heard a sound come from his foot; he thought he had broken a shoelace. His foot, however, "didn't work properly." He went to a hospital, where he was diagnosed as having ruptured an Achilles tendon.

Claimant sought workers' compensation benefits for the injury, but WGI denied the claim, contending that, because the injury occurred during a social activity, it was excluded from coverage under ORS 656.005(7)(b)(B), which excludes from coverage any "injury incurred while engaging in * * * any recreational or social activities primarily for the worker's personal pleasure."

Claimant requested a hearing. The administrative law judge (ALJ) determined that the injury was compensable and overturned the denial. The ALJ rejected WGI's contention that claimant was injured as a result of a recreational or social activity. His analysis, in full, was as follows:

> "I find that claimant's activity of shaking the vending machine to assist his coworkers was not a 'recreational or social activity primarily for [claimant's] personal pleasure.' ORS 656.005(7)(a)(B). At the time of injury, claimant was not engaging in a recreational or social activity of some sort—he was not even attempting to procure the candy out of the machine for himself, but rather, helping a coworker who was in turn helping another worker. He was not, for example, sharpening his own personal knives at work like the claimant in *Ken Griffin*, 57 Van Natta 1365 (2005), or arm wrestling another coworker to prepare for arm wrestling competitions as in *Geoff Saunders*, 57 Van Natta 796 (2005). He was not looking to gain personally from his actions; *e.g.*, by obtaining a set of sharpened knives, or sharpening his arm wrestling skills. In other words, there was no personal, recreational or social value to claimant in helping the other workers.
>
> "Such an activity (shaking the vending machine) simply does not fit within the plain meaning of 'recreational or social activity.' ORS 656.005(7)(b)(B). Therefore, I find that the employer's affirmative defense under that statute does not apply."

The ALJ went on to conclude that claimant's injury arose out of and in the course of his employment. The board adopted the ALJ's opinion and order, and affirmed.

On review of the board's order, WGI argues that the board erred both in rejecting its affirmative defense that claimant was injured while engaging in a recreational or social activity and in concluding that claimant's injury arose

out of and in the course of employment. Because we conclude that WGI is correct as to its first contention, we need not address its second.

ORS 656.005(7)(a) provides that a "compensable injury" is one "arising out of and in the course of employment." The statute then provides an exception to that definition: " 'Compensable injury' does not include * * * [i]njury incurred while engaging in or performing * * * any recreational or social activities primarily for the worker's personal pleasure." ORS 656.005(7)(b)(B).

In *Roberts v. SAIF*, 341 Or 48, 52, 136 P3d 1105 (2006), the Supreme Court explained that the exception for injuries incurred while engaging in or performing any "recreational or social activities primarily for the worker's personal pleasure" requires a three-step analysis:

> "Textually, ORS 656.005(7)(b)(B) raises three questions. The first is whether the worker was engaged in or performing a 'recreational or social activit[y].' The second is whether the worker incurred the injury 'while engaging in or performing, or as the result of engaging in or performing,' that activity. The final question is whether the worker engaged in or performed the activity 'primarily for the worker's personal pleasure.' If the answer to all those questions is 'yes,' then the worker cannot recover."

In that case, the claimant, a car salesman, sustained an injury when he rode a coworker's motorcycle in the employer's lot while waiting for customers. The board had concluded that the claimant had been injured while engaging in a recreational activity. Affirming the board's order, the court explained that, although the claimant was on the job at the time of the injury, the "activity" in which the claimant was engaged was riding a motorcycle, and that activity was recreational. 341 Or at 52. The court further reasoned that, in determining whether the claimant was engaged in that activity "primarily for the worker's personal pleasure," the question was whether the worker was "engaged in the activity primarily for the worker's personal pleasure or for work-related reasons." *Id.* The court turned to the legislative history of ORS 656.005(7)(b)(B) for confirmation of that analysis:

> "[T]he legislature intended that the board should determine both the degree to which a recreational or social activity serves the employer's work-related interests and the degree to which the worker engaged in the activity for the worker's personal pleasure. Only if the worker's personal pleasure was the fundamental or principal reason, in relation to work-related reasons, for engaging in the activity will the resulting injury be noncompensable."

*Roberts*, 341 Or at 56. The court recognized that the determination whether the activity was "primarily for the worker's personal pleasure" necessitates asking whether there was any work-related reason for the activity. If there was no work-related reason for the activity, necessarily, the activity was personal. The court then concluded that there was substantial evidence in support of the board's findings that there was no work-related reason for the claimant to be riding a motorcycle at the time of the accident and that the claimant rode the motorcycle for his personal pleasure. *Id.* Having determined that the board's findings were supported by substantial evidence, the court held that the board did not err in concluding that the claimant engaged in the recreational activity primarily for his personal pleasure. *Id.* at 57.

In this case, the first question is whether claimant was engaged in a "recreational or social activity." That question entails both a legal issue—pertaining to the meaning of the statutory words "recreational or social activity"—and a factual one—pertaining to the nature of claimant's activity.

We addressed the legal issue of the meaning of the statute in *Liberty Northwest Ins. Corp. v. Nichols*, 186 Or App 664, 64 P3d 1152 (2003). In that case, the claimant broke a tooth while chewing on a hard candy during work. The employer rejected the claimant's workers' compensation claim for the injury on the ground that it occurred while the claimant was engaged in a recreational or social activity. The board rejected that contention and concluded that the injury arose out of and in the course of employment. We affirmed. We began with the issue whether the claimant was engaged in a "recreational or social activity" within the meaning of ORS 656.005(7)(b)(B). We noted the ordinary meanings of the terms, in particular, that "social" means " 'marked by or

passed in pleasant companionship with one's friends or associates * * * taken, enjoyed, or engaged in with friends or for the sake of companionship.' " *Nichols*, 186 Or App at 668 (quoting *Webster's Third New Int'l Dictionary* 2161 (unabridged ed 1993)). Turning to the facts of that case, we then observed that

> "[c]laimant's injury did not occur 'after toil,' and nothing in the record indicates that it was 'marked by pleasant companionship' or 'for the sake of companionship.' Rather, the injury occurred as a result of an activity claimant engaged in *while working*. He was not traveling to or from work, on a break, or at lunch."

*Nichols*, 186 Or App at 668 (emphasis in original).

In this case, it is not clear that the board considered at all whether claimant's injury occurred while engaged in a "social" as opposed to a "recreational" activity. The board concluded that claimant was not engaged in either activity, but its explanation was based solely on the fact that claimant was "not looking to gain personally from his actions." The board did not explain, and we do not understand, why the fact that claimant did not stand to personally gain from the activity necessarily means that it was not a "social" activity within the meaning of the statute. To the contrary—and in contrast to the facts in *Nichols*—claimant's injury in this case did occur "after toil," arguably for the sake of his companions, and while he was on break and not while working. Additionally, the board did not refer to any work-related reason for the activity. At the least, it is clear that the board did not apply the correct legal standard in determining that claimant was not engaged in a "recreational or social activity" at the time of his injury. Consequently, we must reverse and remand for reconsideration. On remand, the board should determine whether, in the light of our construction of the statute in *Nichols*, claimant's activity was "recreational" or "social." If the board concludes that the activity was either, then it should proceed with the balance of the three-step analysis that *Roberts* requires.

Reversed and remanded for reconsideration.