Argued and submitted January 12, 2016, affirmed August 30, 2017

In the Matter of the Compensation of
Adam J. Greenblatt, Claimant.

Adam J. GREENBLATT,
*Petitioner,*

*v.*

SYMANTEC CORPORATION,
*Respondent.*

Workers' Compensation Board
1305365; A158080

403 P3d 439

Christopher D. Moore argued the cause and filed the reply brief for petitioner. With him on the opening brief was Moore & Jensen.

Jerald P. Keene argued the cause for respondent. With him on the brief was Oregon Workers' Compensation Institute, LLC.

Before DeVore, Presiding Judge, and Tookey, Judge, and James, Judge.*

_____

* Tookey, J., *vice* Flynn, J. pro tempore; James, J., *vice* Duncan, J. pro tempore.

**TOOKEY, J.**

Claimant seeks review of an order of the Workers' Compensation Board that upholds employer's denial of his claim for a right knee injury that occurred as he jumped up to slap the backboard of a basketball hoop in employer's courtyard. The board concluded that the injury was not compensable, because it occurred during a recreational activity primarily for claimant's personal pleasure. ORS 656.005(7)(b)(B). We review the board's order pursuant to ORS 183.482(8)(a) and (c) for substantial evidence, substantial reason, and errors of law, conclude that the board did not err, and therefore affirm.

ORS 656.005(7)(a) provides that a compensable injury is one that arises out of and in the course of employment. But ORS 656.005(7)(b)(B) excludes from the definition of "compensable injury" an injury "incurred while engaging in or performing, or as a result of engaging in or performing, any recreational or social activities primarily for the worker's personal pleasure."[1] The issue in this case is whether claimant's injury is excluded from the definition of "compensable injury" because the injury occurred during a recreational activity that claimant engaged in primarily for his personal pleasure.

We draw our summary of the facts from the findings of the administrative law judge (ALJ), which, except as noted, the board adopted. Claimant works for employer as a technical support engineer. His job requires him to sit at a desk and communicate with customers by telephone and through email. Claimant is a salaried employee and is allowed, and encouraged, to take paid breaks.

---

[1] In *Roberts v. SAIF*, 341 Or 48, 52, 136 P3d 1105 (2006), the Supreme Court demonstrated that the inquiry as to whether the injury is excluded from compensability under ORS 656.005(7)(b)(B) comes before the inquiry whether the injury is compensable under ORS 656.005(7)(a). If the exclusion applies, then the injury is *per se* not compensable. But if the exclusion does not apply, the determination must still be made whether the injury arose out of and in the course of employment under ORS 656.005(7)(a). *See also U.S. Bank v. Pohrman*, 272 Or App 31, 35 n 3, 354 P3d 722, *rev den*, 358 Or 70 (2015) (citing *Roberts v. SAIF*, 196 Or App 414, 417, 102 P3d 752 (2004), *aff'd*, 341 Or 48, 136 P3d 1105 (2006) (describing and applying analysis)).

Employer owns and maintains a fenced courtyard adjacent to its building for employees to use during their breaks. The courtyard includes a basketball court and several tables with chairs. On the day of his injury, claimant and a coworker played basketball during a break. Claimant testified that he and his coworker concluded their play and that, as he was leaving the court to return to work, he leapt to try to slap the backboard of the basketball hoop. Claimant testified that he did so out of happiness, in part for his "own good," and in part because he was pleased with his good day at work. Claimant injured his right knee either as he was jumping or when he landed on his feet.

Physicians diagnosed a right knee patellar tendon rupture. Employer denied a claim for the injury, asserting that it had occurred during a recreational activity primarily for claimant's personal pleasure and was therefore excluded from coverage under ORS 656.005(7)(b)(B). Claimant requested a hearing. Employer presented evidence that claimant had reported to his physician that the injury had occurred while he was playing basketball. Claimant disputed that characterization, and offered his testimony that the injury had occurred when claimant jumped as he was returning to work. The ALJ found claimant credible and accepted claimant's version of the facts. In overturning employer's denial of the claim, the ALJ concluded that the recreational-activity exclusion did not apply, finding that when claimant was injured, the recreational activity had ended, claimant was returning to work, and claimant had a work-related purpose in jumping to express his happiness and excitement about his work. The ALJ therefore concluded that the recreational activity exclusion did not apply. The ALJ further concluded that the injury arose out of and in the course and scope of claimant's employment under ORS 656.005(7)(a).[2]

---

[2] In addressing the "arising-out-of" prong of compensability, the ALJ analogized claimant's injury to the injury suffered by the worker in *Wilson v. State Farm Ins.*, 326 Or 413, 952 P2d 528 (1998), when the worker skip-stepped back to her desk. The court held in that case that the claimant's unusual method of returning from her supervisor's office to her desk—a work-related task—did not take the injury out of the "arising-out-of" prong of the test of compensability. *Id.* at 417-18.

The board adopted the ALJ's findings, with the exception of the finding that claimant's injury had not occurred during a recreational activity. The board stated that "there is no dispute that the basketball activity was a recreational activity and that claimant engaged in that activity primarily for his personal pleasure." The board explained that it did not need to resolve the factual dispute about whether claimant's injury occurred while he was playing basketball or as he was leaving the basketball court, finding that, in either case, the activity was recreational:

> "Specifically, claimant was still on the employer's basketball court where he had engaged in a recreational game of basketball primarily for his personal pleasure. Furthermore, he was injured while leaping to touch the backboard. * * * [W]e are persuaded that this activity was part and parcel of his recreational activity of playing basketball. Moreover, even if the basketball game had ended just seconds before claimant's leap, he was still within the boundaries of the court and his injury was ultimately the result of engaging in the recreational activity of basketball, which put him in the position where he could jump to touch the backboard before leaving the court to walk back to work."

Thus, the board found that claimant's jump was within the recreational activity exclusion because it was "part and parcel" of the recreational activity of playing basketball. As an alternative rationale, the board found that the injury was the result of having engaged in the recreational activity of playing basketball. The board further found that claimant had engaged in the activity primarily for his personal pleasure, and concluded that claimant's injury was exempt from coverage under ORS 656.005(7)(b)(B). The board therefore did not address whether the injury arose out of and in the course of claimant's employment.

On judicial review, claimant contends that the board erred in determining that the injury was excluded from compensability under ORS 656.005(7)(b)(B). We review for substantial evidence the board's findings that claimant's injury was the result of a recreational activity and that he engaged

in the activity primarily for his personal pleasure. *Roberts v. SAIF*, 341 Or 48, 56-57, 136 P3d 1105 (2006).

In *Roberts*, the Supreme Court described the elements necessary to establish the applicability of ORS 656.005 (7)(b)(B):

"Textually, ORS 656.005(7)(b)(B) raises three questions. The first is whether the worker was engaged in or performing a 'recreational or social activit[y].' The second is whether the worker incurred the injury 'while engaging in or performing, or as a result of engaging in or performing' that activity. The final question is whether the worker engaged in or performed the activity 'primarily for the worker's personal pleasure.'"

The court explained that the exclusion is an affirmative defense, and that the employer bears the burden of establishing each of the three elements. *Id.* at 52.

On judicial review, claimant challenges the board's resolution of the first element through its finding that "there is no dispute that the basketball activity was a recreational activity." Claimant argues that the finding is a mere assumption not based on a concession by claimant or supported by evidence in the record. Our review of the record shows that claimant is correct that he explicitly did not concede that fact before the ALJ. But on employer's appeal to the board, claimant did not dispute employer's assertion that "[c]laimant has not contested the fact that basketball is a recreational activity." Rather, claimant argued to the board that the recreational activity had ended at the time of the injury. In light of claimant's failure to dispute employer's assertion before the board, we conclude that he has not preserved an objection to the board's finding that the basketball activity itself was recreational.

Addressing the second element (whether the injury occurred during the recreational activity), the board found that the activity during which claimant was injured—jumping to touch the backboard—was "part and parcel" of the recreational activity of playing basketball. In the alternative, noting the statutory text ("incurred while engaging in or performing, or *as a result of* engaging in or performing") (emphasis added), the board also found that the injury

was "ultimately the result of engaging in the recreational activity," because the recreational activity brought claimant within close proximity to the backboard.[3] Claimant contends in his second assignment that the board's finding that the jump was "part and parcel" of the recreational activity is not supported by substantial evidence or substantial reason. But he does not dispute the board's alternative rationale that, even if the recreational activity had ended, the injury nonetheless was *the result* of engaging in the recreational activity. Claimant having failed to challenge that alternative rationale in satisfaction of the second element of the exclusion, we reject claimant's challenge to the board's findings that the jump was recreational and that the injury occurred during a recreational activity.

That brings us to the third inquiry—whether claimant engaged in the recreational activity primarily for his personal pleasure. In *Roberts*, the Supreme Court described that element:

> "[T]he board should determine both the degree to which a recreational or social activity serves the employer's work-related interests and the degree to which the worker engaged in the activity for the worker's personal pleasure. Only if the worker's personal pleasure was the fundamental or principal reason, in relation to work-related reasons, for engaging in the activity will the resulting injury be noncompensable."

341 Or at 56. As we said in *Washington Group International v. Barela*, 218 Or App 541, 546-47, 180 P3d 107 (2008), the inquiry whether the worker engaged in the activity primarily for the worker's personal pleasure requires the court to determine whether there was "any work-related reason for the activity." And in *Pohrman*, we said:

> "[T]he proper focus is not on the fact that the recreational or social activity is pleasurable but on the fact that the activity is work related. That is, the injury is compensable

---

[3] The board explained:

"[E]ven if the basketball game had ended just seconds before claimant's leap, he was still within the boundaries of the court and his injury was ultimately the result of engaging in the recreational activity of basketball, which put him in the position where he could jump to touch the backboard before leaving the court to walk back to work."

if it occurred during a recreational or social activity that is *incidental to an employment activity.*"

272 Or App at 38 (emphasis in original).

The board found that claimant engaged in the recreational activity primarily for his personal pleasure.[4] That finding constitutes a factual determination that we review for substantial evidence. *See Roberts*, 341 Or at 56-57; *Pohrman*, 272 Or App at 32. Claimant contends that the board's determination is not supported by the record and is inconsistent with our case law. Claimant asserts that the board made its finding exclusively based on claimant's testimony that he played basketball because he enjoyed basketball. Citing cases in which we have upheld the compensability of injuries sustained during pleasurable activities that were incidental to the worker's primary work activity, *see, e.g., Liberty Northwest Ins. Corp. v. Nichols*, 186 Or App 664, 667, 64 P3d 1152 (2003) (tooth fractured on piece of candy while working); *Kaiel v. Cultural Homestay Institute*, 129 Or App 471, 473-74, 879 P2d 1319, *rev den*, 320 Or 543 (1994) (finger injured on bumper car ride while chaperoning students), claimant contends that not all activities that a worker enjoys are undertaken for the worker's personal pleasure. That statement is correct as far as it goes, but the citations to *Kaiel* and *Nichols* are not supportive of claimant's argument that the board erred. We said in our opinion in *Roberts v. SAIF*, 196 Or App 414, 419, 102 P3d 752 (2004), *aff'd*, 341 Or 48, 136 P3d 1105 (2006), that "[t]he legal point to be drawn from *Kaiel* and *Nichols* is that an injury is not excluded from coverage under ORS 656.005(7)(b)(B) if the worker is primarily engaged in work activities at the time of the injury." Unlike the claimants in *Nichols* and *Kaiel*, claimant was not actually working during the recreational activity that took place in this case.

---

[4] In a footnote, the board distinguished this case from *Zachary B. Severson*, 64 Van Natta 1525 (2012), in which the board found that an injury suffered by the claimant while playing basketball during "downtime" was not excluded under ORS 656.005(7)(b)(B), because the evidence did not establish that the claimant engaged in the recreational activity primarily for his personal pleasure. In *Severson* the board cited evidence that the basketball activity occurred while the claimant was waiting for work, including testimony by a supervisor that the employer's interests were served by paying employees to remain on the premises during downtime.

Claimant also contends that the board's determination that his activity is excluded from coverage is inconsistent with substantive case law relating to the compensability of injuries arising out of and in the course and scope of employment. *See, e.g., Boyd v. SAIF*, 115 Or App 241, 244, 837 P2d 556 (1992) (addressing compensability of injury sustained in employer-owned parking lot). But the Supreme Court said in *Roberts* that "ORS 656.005(7)(b)(B) states an additional limitation on compensable injuries." 341 Or at 52. And, as we stated in our opinion in *Roberts*, "engaging in or performing recreational activities on the job falls within the scope of the exclusion." 196 Or App at 419. The fact that claimant's recreational activity otherwise might arise out of and in the course and scope of the employment under ORS 656.005(7)(a) does not make it compensable if it is subject to exclusion under ORS 656.005(7)(b)(B).

The Supreme Court said in *Roberts* that, in making the determination under ORS 656.005(7)(b)(B) as to the primary motivation for the activity, the board should consider the degree to which the activity "serves the employer's work-related interests" and the degree to which the worker engaged in the activity for the worker's personal pleasure. 341 Or at 56. Claimant contends that Oregon case law recognizes the value to employers of on-site facilities for breaks and personal comfort activities, *see, e.g., Henderson v. S. D. Deacon Corp.*, 127 Or App 333, 338-39, 874 P2d 76 (1994) (injury suffered during unpaid lunch break while stepping out of an elevator on employer's premises to reach the break room was work related), and that that value must be considered in determining whether claimant's activity was undertaken primarily for claimant's personal pleasure. Employer concedes that, necessarily, providing break facilities served employer's work-related interests, but contends that determining the primary motivation for *the activity* itself is a separate inquiry. We agree. The record includes sparse evidence of the way in which claimant's recreational activity might have served employer's work-related interests.[5] We have reviewed the record and conclude that substantial evidence,

---

[5] As noted, claimant contends that his jump was in part motivated by his happiness with work. That fact does not make the activity itself work related.

including claimant's testimony, as well as inferences that may be drawn from circumstances of the activity itself, support the board's determination that claimant engaged in the recreational activity primarily for personal pleasure.

Affirmed.